THE CITY OF CHICAGO

*v.*

JOHN TROTTER.

*Filed at Ottawa January 22, 1891.*

1. PUBLIC PARADES AND PROCESSIONS—*ordinance restricting them— whether reasonable and proper.* An ordinance of a city which provides that "no parades or processions shall be allowed upon the streets" until a permit therefor shall be obtained from the police department, under a certain prescribed penalty, and requires permits to specify the route of such parades and processions to be followed upon the streets, is unreasonable, and void.

2. Parades and processions upon the streets of a city are not necessarily so productive of danger and disorder as to render them *per se* the creators of public disturbances, nor are they necessarily nuisances. There is no authority in a city to suppress such demonstrations of all kinds, and under all circumstances.

3. Citizens have the constitutional right to "pursue their own happiness," and on suitable occasions and for lawful purposes, and in a peaceable manner, they may gather together in street parades and

processions, if they so desire, provided they do not disturb or threaten the public peace, or substantially interfere with the rights of others.

4. MUNICIPAL CORPORATION—*delegation of powers.* A city council can not transfer its legislative powers, and the public trust imposed upon it, to a mere executive officer.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. JOHN A. MAY, and Mr. W. J. BULGER, for the appellant:

The city had the power to pass the ordinance. City charter, sec. 1, clauses 18, 32, 66, 76, 96; *McPherson* v. *Village of Chebanse*, 114 Ill. 46.

It is not so much a question whether a whole community is annoyed by the act, as whether the act would be of such a character as would be offensive to all persons of ordinary sensibilities who come within its sphere. *Salton* v. *DeHeld*, 2 Sim. 133; *Walter* v. *Selfe*, Eng. L. & Eq. 15; *Commonwealth* v. *Davis*, Am. & Eng. Corp. Cas. 462.

Messrs. McMURDY & JOB, and Messrs. GRIGG & ALLEN, for the appellee:

An ordinance must be reasonable. *Railway Co.* v. *Jacksonville*, 67 Ill. 37; *Wiggins* v. *Chicago*, 68 id. 372; *Tugman* v. *Chicago*, 78 id. 405; *Rosehill* v. *Hopkinson*, 114 id. 212.

A municipal corporation is limited in its powers. *Mather* v. *Ottawa*, 114 Ill. 664.

The legislative powers of such a corporation can not be delegated. *East St. Louis* v. *Thomas*, 11 Bradw. 284; *Kinmundy* v. *Mahan*, 72 Ill. 464; *Foss* v. *Chicago*, 56 id. 355; Dillon on Mun. Corp. sec. 96.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The city of Chicago is organized under the general act for the incorporation of cities and villages. Among the powers given to the city council by the various clauses of section 1

of article 5 of the act, are these: To regulate the use of the public streets; to regulate and prohibit the exhibition or carrying of banners, placards, advertisements or hand-bills in the streets or public grounds or upon the sidewalks; to prevent and suppress riots, routs, affrays, noises, disturbances and disorderly assemblies in any public or private place; to declare what shall be a nuisance, and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist; to prevent and regulate the rolling of hoops, playing of ball, flying of kites, or any other amusement or practice having a tendency to annoy persons passing in the streets or on the sidewalks, or to frighten teams and horses; to regulate the police of the city, and pass and enforce all necessary police ordinances.

Section 1 of an ordinance of the city, passed July 23, 1886, is as follows: "That no parades or processions shall be allowed upon the streets of the city, nor shall any open air meeting be held upon any ground abutting upon any street or avenue of the city, until a permit therefor shall first be obtained from the police department, under a penalty of not less than $25 nor more than $100. Such permits shall be issued without fee by the superintendent of police, and shall, in the case of parades and processions, specify the route to be followed upon the streets of the city."

This suit is a prosecution by the city against John Trotter, the appellee, for a violation of said section of said ordinance. The question at issue is the validity or invalidity of the ordinance.

It is to be noted that the several charter powers above enumerated, and which, it is insisted, authorize and sustain the enactment under consideration, are powers that are conferred upon and are to be exercised by the city council. Parades and processions upon the streets of a city are not necessarily so productive of danger and disorder as to render them *per se* the creators of public disturbances, nor are they necessarily

nuisances. There is no authority, therefore, in the municipal corporation to suppress such demonstrations of all kinds, at all times and under all circumstances. Citizens have the constitutional right "of pursuing their own happiness," and on suitable occasions and for lawful purposes, and in a peaceable manner, they may gather together in street parades and processions, if they so desire, provided they do not disturb or threaten the public peace or substantially interfere with the rights of others.

The ordinance in question seems to recognize the fact that all processions are not to be repressed, and seems to proceed upon the theory that some of such demonstrations are to be allowed and permitted, and others prevented. It does not, however, fix and determine the conditions under which parades and processions will be unlawful. It merely leaves it to the discretion or caprice of the superintendent of police to imperatively prescribe who shall be permitted to gather together in such processions, and who shall not; to dictate that the members of one political party, or of one religious denomination, or of one civic society, may, and the members of another political party, religious denomination or civic society may not, have such parades or processions, and to arbitrarily fix the times, occasions and localities when and where such assemblages will be allowed. Under the ordinance, the superintendent of police has even authority to prohibit all street parades and processions whatsoever.

It is subversive of the liberty of the citizen, and outside of the domain of the law, that authority so arbitrary should be lodged in one individual. The powers that were granted by the State, and that are relied upon by the municipality, were delegated to the city council, and that body could not transfer its legislative prerogatives, and the public trust which was imposed upon it, to a mere executive officer. All ordinances must be reasonable, and the ordinance before us is unreasonable. As was said by the Supreme Court of Michigan, (*In re Frazee,*

28—136 ILL.

63 Mich. 399,) where a similar ordinance was under investigation: "This by-law is unreasonable because it suppresses what is in general perfectly lawful, and because it leaves the power of permitting or restraining processions and their courses to an unregulated official discretion, when the whole matter, if regulated at all, must be by permanent legal provisions, operating generally and impartially."

In our opinion, the ordinance of July 23, 1886, is invalid, and appellee could not lawfully be convicted for a violation of its provisions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*