WELCH, *Insurance Com'r*, v. MARYLAND CASUALTY
CO. *et al.*

No. 6984. Opinion Filed January 9, 1915.

Rehearing Denied April 27, 1915.

(147 Pac. 1046.)

1.  INSURANCE—Foreign Companies—Appointment of Agent—
    "Suitable Person"—"If the Facts Warrant It." Part of section
    3429, Rev. Laws 1910, reads: "Upon written notice by an unau-
    thorized foreign insurance company of its appointment of a suit-
    able person," etc., the insurance commissioner shall, "if the facts
    warrant it," etc. **Held,** the words, "suitable person" relate to
    the right and authority of the insurance company, in the first
    instance, to appoint some person suitable to it. **Held,** further,
    the words, "if the facts warrant it" relate to the question as to
    whether or not the insurance company is authorized to engage
    in business within the state by complying with the law and to
    the question of the sufficiency of the notice to the insurance
    commissioner of the appointment of such agent.

2.  SAME—Determination of Suitableness—Validity of Statute.
    Section 3433, Rev. Laws 1910, in part reads: "Every insurance
    company, domestic or foreign, permitted to do business in this
    state, shall file with the insurance commissioner the name and
    residence of each person it appoints or employs to act as its
    agent in this state, but the insurance commissioner may, at any
    time thereafter, for cause shown, determine any person so ap-
    pointed or employed to be unsuitable to act as such agent, and
    shall thereupon notify both the company and the agent so de-
    termined to be unsuitable: Provided, that * * * he may like-
    wise, for cause shown, refuse to license such agent." **Held,** that
    that part of said section which reads: "The insurance com-
    missioner may, at any time thereafter, for cause shown, deter-
    mine any person so appointed or employed to be unsuitable to
    act as such agent, and shall thereupon notify both the company
    and the agent so determined to be unsuitable. * * * He may
    likewise, for cause shown, refuse to license such agent"—is in
    contravention of both the fourteenth amendment to the federal
    Constitution, and likewise of section 2, art. 2, of the Constitution
    of Oklahoma, in that it fails to prescribe any uniform and per-
    manent rule or test, but undertakes to vest in the insurance
    commissioner a discretionary and arbitrary power to license or
    to withhold a license from whomsoever he will; hence is void
    as an infringement upon the personal liberties and rights of a
    citizen.

    (Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by the Maryland Casualty Company, a corporation, and another, against A. L. Welch, Insurance Commissioner. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Chas. West,* Attorney General, and *Chas. L. Moore,* Assistant Attorney General *(C. W. Stringer,* of counsel), for plaintiff in error.

*Burwell, Crockett & Johnson,* for defendants in error.

RIDDLE, J. The plaintiff in error will be referred to as the insurance commissioner, and the defendants in error as plaintiffs. The plaintiff Maryland Casualty Company is a foreign insurance corporation, and plaintiff F. A. Skipwith has been acting in the capacity of general agent for plaintiff Maryland Casualty Company for several years past in the state of Oklahoma. Plaintiffs, on August 4, 1913, filed their petition in the district court of Oklahoma county, alleging, substantially, a compliance with the law in every respect on the part of the insurance company, and the issuance of a permit authorizing it to engage in the insurance business in this state. They allege the appointment by plaintiff insurance company of plaintiff Skipwith as its local state agent, and of notice to the insurance commissioner of the designation of said Skipwith as its agent, a request to the insurance commissioner to issue a license to said Skipwith, and a refusal on the part of the insurance commissioner to issue such license, claiming that said refusal was arbitrary and without any just cause. They prayed for a writ of mandamus against said insurance commissioner directing the issuance of said license.

An alternative writ of mandamus was issued, reciting the foregoing facts. To this writ the insurance com-

missioner made his return, admitting substantially the foregoing facts, and affirmatively alleging that the application of the company and of said Skipwith and his appointment as agent were considered, and he having considered the fitness and suitability of said Skipwith to act as insurance agent for the Maryland Casualty Company, and cause having been shown as to the lack of fitness and suitability of said Skipwith to act as such agent, it was adjudged that the said Skipwith was not a suitable person to act as such agent, and, as the facts did not warrant the issuance of such license, the same was therefore refused. The insurance commissioner denied that he acted arbitrarily and without just cause, and claimed that he acted in good faith and with judgment and discretion.

Plaintiffs filed a motion for judgment on the pleadings, which motion the court sustained, and issued a peremptory writ of mandamus. Motion for new trial was filed and overruled. From this judgment and order overruling motion for new trial, the insurance commissioner prosecutes this appeal.

In his petition in error, the insurance commissioner sets out six assignments of error, of which Nos. 1, 3, and 4 will be the only ones necessary to be considered. They are: (1) The court erred in sustaining motion for judgment on the pleadings. (3) Error in denying defendant's motion for a new trial. (4) Error in granting a peremptory writ of mandamus.

The view we take of this case will involve the consideration of only two questions in connection with the foregoing assignments of error: (1) The construction of section 3429, Rev. Laws 1910; (2) the constitutionality of a portion of section 3433, Rev. Laws 1910. Said section 3429, *supra*, reads:

"Upon written notice by an authorized foreign insurance company of its appointment of a suitable person to

act as its agent within this state, and the payment of three dollars, the insurance commissioner shall, if the facts warrant it, grant to such person a license, which shall state in substance that the company is authorized to do business in this state and that the person named therein is a constituted agent of the company for the transaction of such business as it is authorized to do in this state: Provided, that domestic insurance companies shall pay fifty cents, only, for each agent's license. Said license shall continue in force until the last day of February next after its issue, and, by the renewal thereof, on the annual payment for such renewal of three dollars, if a foreign company, and if a domestic company, on the annual payment of fifty cents, until revoked by the insurance commissioner for non-compliance with the laws, or until the company, by written notice to the insurance commissioner, cancels the agent's authority to act for it. While such license remains in force, the company shall be bound by the acts of the person named therein within his authority as its acknowledged agent."

The words in this section requiring construction are "its appointment of a suitable person." In our judgment, these words relate to the appointment of an agent by the insurance company, and the connection in which they are used here has no application to or bearing upon the insurance commissioner; in other words, the insurance company, which is authorized to transact business in this state, may, in the first instance, by written notice, notify the insurance commissioner of its appointment of a suitable person to act as its agent within this state, etc. In our judgment, a fair construction of this language intends to leave it with the insurance company, in the first instance, to appoint some person suitable to said company to transact its business in the state. It is presumed that the company will know best the fitness and qualifications of the person who is to act as its agent, and who can best serve the interests of such company, with the right or authority in the state, however, to require such insurance

company to comply with all state laws and reasonable regulations prescribed.

The next words in this section requiring construction are "the insurance commissioner shall, if the facts warrant it, grant to such person a license." The particular words here involved are "if the facts warrant it." We think these words have reference to the question as to whether or not the insurance company has met the requirements of the law, and also refers to the notice of such appointment, whether or not it meets the requirements. The subsequent words seem to justify this construction. It provides that the license shall state, in substance, that the company is authorized to do business in this state, and that the person named therein is the one selected as agent of the company for the transaction of such business as it is authorized to do in the state.

The second question involves the constitutionality of a portion of section 3433, *supra,* which section reads:

"Every insurance company, domestic or foreign, permitted to do business in this state, shall file with the insurance commissioner the name and residence of each person it appoints or employs to act as its agent in this state, but the insurance commissioner may, at any time thereafter, for cause shown, determine any person so appointed or employed to be unsuitable to act as such agent, and shall thereupon notify both the company and the agent so determined to be unsuitable: Provided, that appeal may be made to the Supreme Court of this state; he may likewise, for cause shown, refuse to license such agent. Whoever shall assume to act as such agent, or, unless a licensed broker, shall in any manner for compensation negotiate contracts of insurance on behalf of such corporation for a person other than himself, prior to the filing of such notices of appointment or after receiving notice of such finding of unsuitability, shall be subject to the penalties provided by this article for soliciting insurance without license."

This section, after providing that every insurance company, domestic or foreign, authorized to do business in this state, shall give the name and residence of each person it appoints or employs to act as agent in this state, then provides:

"But the insurance commissioner may, at any time thereafter, for cause shown, determine any person so appointed or employed to be unsuitable to act as such agent, and shall thereupon notify both the company and the agent so determined to be unsuitable.   *   *   *   He may likewise, for cause shown, refuse to license such agent."

Provision is then made for an appeal, and it is also provided that any person acting as agent, after receiving notice of his unsuitability, shall be subjected to certain penalties, etc.   It is the last above quoted provision which governed the insurance commissioner in his acts in refusing to issue license to plaintiff Skipwith.

It is the contention of plaintiffs that the foregoing language undertakes to vest in the insurance commissioner the power to license whomsoever he may, and to refuse arbitrarily to issue license to any person, notwithstanding his fitness or qualifications; hence is unconstitutional and void.   It is the contention of the insurance commissioner, on the other hand, that the state may prohibit entirely insurance companies from engaging in business in this state, and may fully regulate the same in the exercise of its police power; that, in the exercise of this power, the state may lawfully vest the insurance commissioner with discretionary power as is granted by this provision of the law.

That the state, in the exercise of its police power, may fully and completely regulate the insurance business is no longer a debatable question.   This proposition is too well settled to require citation of authority to sustain it.

Section 2, art. 2, Const., reads:

"All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry."

The fourteenth amendment to the Constitution of the United States provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens, of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

We are of the opinion that that portion of this section last quoted is in conflict with both the provisions of the federal Constitution and the Constitution of this state, and therefore void, and to so hold does not in the least militate against the power of the state to fully regulate the insurance business. It is well settled that the Legislature is without power to delegate authority to any person or board to grant or refuse license at his or its discretion, arbitrarily or capriciously, according to the state of mind of such officer or persons composing said board. Many authorities and adjudicated cases might be quoted from sustaining this proposition, but, as it has been repeatedly announced, a quotation from a few will suffice.

It was said by the Federal Supreme Court, speaking through Mr. Justice Mathews, in *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220:

"For the very idea that one man may be compelled to hold his life, or the means of living, or any material right essential to the enjoyment of life, at the mere will of another, seems to be intolerable in any country where freedom prevails, as being the essence of slavery itself."

This same rule, in effect, has been announced by various courts in different language or in a different form, a

few of which we cite: *Baltimore v. Radecke*, 49 Md. 217, 33 Am. Rep. 239; *Noel v. People*, 187 Ill. 587, 58 N. E. 616, 52 L. R. A. 287, 79 Am. St. Rep. 238; *State v. Tenant,* 110 N. C. 609, 14 S. E. 387, 15 L. R. A. 423, 28 Am. St. Rep. 715; *City of Sioux Falls v. Kirby*, 6 S. D. 62, 60 N. W. 156, 25 L. R. A. 621; *Bessonies v. City of Indianapolis,* 71 Ind. 189; *City of Plymouth v. Schultheis*, 135 Ind. 339, 35 N. E. 12; *City of Chicago v. Trotter*, 136 Ill. 430, 26 N. E. 359; *In re Garrabad*, 84 Wis. 585, 54 N. W. 1104, 19 L. R. A. 858, 36 Am. St. Rep. 948; *Anderson v. City of Wellington*, 40 Kan. 173, 19 Pac. 719, 2 L. R. A. 110, 10 Am. St. Rep. 175; *Barthet v. City of New Orleans* (C. C.), 24 Fed. 563; *City of Montgomery v. West*, 149 Ala. 311, 42 South. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651; *Los Angeles County v. Hollywood Cemetery Ass'n*, 124 Cal. 344, 57 Pac. 153, 71 Am. St. Rep. 75; *State v. Dubarry*, 44 La. Ann. 1117, 11 South. 718; *May v. People*, 1 Colo. App. 157, 27 Pac. 1010.

It was said by Mr. Justice Field, speaking for the court in *Butchers' Union Slaughterhouse Co. v. Crescent City Live Stock Landing Co.*, 111 U. S. 757, 4 Sup. Ct. 660, 28 L. Ed. 585:

"The common business and callings of life, the ordinary trades and pursuits, which are innocuous in themselves, and have been followed in all communities from time immemorial, must, therefore, be free in this country to all alike upon the same conditions. The right to pursue them, without let or hindrance, except that which is applied to all persons of the same age, sex, and condition, is a distinguishing privilege of citizens of the United States, and an essential element of that freedom which they claim as their birthright."

The Legislature failed to prescribe any rule controlling the judgment or discretionary power of the insurance commissioner. For reasons satisfactory to himself upon an *ex parte* examination, or without any examina-

tion, he could say to one applicant, who might be pre-eminently qualified, "I find you to be an unsuitable person, hence refuse you license," and to another applicant, who might fail to have any suitable qualifications, that "I find you to be a suitable person, hence license will be granted."

Briefly stated, the power which is sought to be vested in the insurance commissioner is no less than permitting him to issue license to whomsoever he will, and to withhold license arbitrarily from whomsoever he will. If this law is valid, there is really no power to control his action in this regard. It is said, however, that the insurance commissioner is a sworn officer, and we are not to presume that he will act arbitrarily or otherwise than in the exercise of his sound judgment and in good faith; but this is not the question we are called upon to meet. The question is the defect in the law attempting to confer the power. It is so clear to our minds that this part of the statute under consideration is void that further discussion of the question is a useless waste of time. We therefore hold that the portion of the statute quoted is unconstitutional and void.

The portion of the statute which is held void being the basis of the action of the insurance commissioner, the judgment of the trial court is affirmed.

All the Justices concur.