---

(No. 11078.—Judgment reversed.)
THE CITY OF SULLIVAN, Appellee, *vs.* OTTO CLOE, Appellant.

*Opinion filed February 21, 1917.*

1. MUNICIPAL CORPORATIONS—*power granted to a city council cannot be delegated.* Where a power is expressly delegated to a city council the power must be exercised by it as such body and cannot be exercised by any other body, nor can such power be delegated to others by the council.

2. SAME—*municipal authority must be exercised reasonably by city council.* All ordinances passed by a city council in pursuance of powers granted to it must be reasonable and not oppressive or such as arbitrarily discriminate between citizens of the same class, and where special privileges are granted by ordinance they must be open to the enjoyment of all upon the same terms.

3. SAME—*what ordinance is an unlawful delegation of authority to city officers.* An ordinance forbidding any person to enter upon streets or alleys to erect poles or wires or to connect light fixtures of any kind with others already existing in the streets without first

obtaining the permission of the mayor and members of the street and alley committee, but which does not specify the conditions under which such permission shall be granted, is an unwarranted delegation of municipal authority involving the exercise of judgment and discretion.

4. SAME—*when entire ordinance is void because of provision delegating arbitrary authority to city officers.* Where a provision of an ordinance is an unwarranted delegation of municipal power because it vests city officers with certain arbitrary authority the entire ordinance is void, provided such provision is an inseparable part of the ordinance and of such a character that the ordinance would not have been adopted without such provision.

APPEAL from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding.

VAUSE, HUGHES & KIGER, for appellant.

W. R. HUFF, City Attorney, C. R. PATTERSON, and E. J. MILLER, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellant, Otto Cloe, was tried and convicted before a justice of the peace of Moultrie county for violating section 1 of ordinance 194 of the revised ordinances of the city of Sullivan, the appellee in this case. An appeal was prosecuted to the circuit court of that county, where a trial was had by a jury, which returned a verdict finding appellant guilty and a fine of $75 was assessed against him. Motions for a new trial and in arrest of judgment were made and overruled and judgment entered on the verdict against appellant for $75 and costs of suit. He prayed an appeal from that judgment, and an appeal has been perfected to this court, the judge of the trial court having certified that the validity of a municipal ordinance is involved and that in his opinion the public interest required the appeal should be taken to this court.

The provisions of the ordinance necessary to be considered are as follows: Section 1 provides that "no person or persons shall enter upon any street or alley within the corporate limits of the city of Sullivan, Illinois, or upon any lot, block or tract of land belonging to the city of Sullivan, Illinois, for the purpose of erecting pole, wire, guy wire, anchor, clamp, piece iron, brace, light fixtures, or any other fixtures of any kind, to any pole, wire, guy wire or other fixtures already erected, without first having obtained the written permission of the mayor of the said city and the members of the street and alley committee so to do." Section 2 fixes a penalty of not less than $5 nor more than $100 for each and every violation of such ordinance.

Appellant admits he violated the ordinance and challenges its validity. He contends the ordinance is unreasonable and void, in that it vests the mayor and the members of the street and alley committee with an arbitrary discretion to allow or not to allow the doing of the acts mentioned therein, and is an unwarranted delegation to such officers of a power which can only be exercised by the city council of such city. Appellee insists the ordinance is a valid exercise of municipal power, and should be sustained as such even if the provision authorizing the doing of the acts with the consent of the mayor and the members of the street and alley committee be held void, for the reason that the city council has the power to prohibit the doing of the acts mentioned in section 1 of said ordinance.

By section 1 of article 5 of the Cities and Village act (Hurd's Stat. 1916, p. 304,) it is provided that the city councils in cities and the president and board of trustees in villages shall have certain powers, among others the power to lay out, establish, open, alter, widen, grade, pave or otherwise improve streets and regulate the use of the same; to prevent and remove encroachments or obstructions upon the same and regulate the openings therein for the laying of gas or water mains and pipes, the building and repairing

of sewers, tunnels, drains and erecting gas lights, and to regulate and prevent the use of streets, sidewalks and public grounds for signs, sign posts, telegraph poles, horse troughs, the posting of hand-bills, advertisements, etc. In speaking of the extent of the powers conferred upon the city council by the various provisions of this section in *People* v. *Clean Street Co.* 225 Ill. 470, it is said: "It will be seen that the control over the streets and alleys of a city or village, under this statute, is very broad, and absolute power over them is vested in the municipality. But the authority is not vested in the mayor, chairman of the committee on finance or commissioner of public works, but is conferred upon the legislative branch of the city government. In other words, it is vested in the city council and can only be exercised by it through ordinances duly passed. The ordinances may, of course, be enforced or carried into effect, after they are so passed, by the mayor or other officials designated for that purpose. It is a well known rule of law that the city council cannot delegate to any of its officers discretionary authority which is vested by statute or charter in it. In the American and English Encyclopedia of Law (vol. 20, 2d ed. p. 1217,) the rule is announced as follows: 'The governing body of a municipal corporation is not at liberty to delegate to a committee, or an officer or agent, governmental, legislative or discretionary functions confided to it by the legislature of the State, in the absence of express authority for such delegation.' To the same effect see Cooley's Const. Lim. (5th ed.) p. 249, and Dillon on Mun. Corp. (3d ed.) secs. 96, 97."

This follows from the manner of their creation. Municipal corporations, such as cities and villages, are the creatures of the legislature, and can exercise such powers, and only such powers, as are expressly conferred upon them by the law of their creation, or such powers as are necessary to carry into effect the powers thus expressly granted to them. (*Zanone* v. *Mound City,* 103 Ill. 552.) These pow-

ers are in the nature of a public trust for the benefit of the entire body of the corporation, and, like all other trusts, are to be exercised fairly, impartially and so as to operate uniformly upon all those who choose to bring themselves within their terms and provisions. Where power is conferred upon a particular body or set of public officials and the mode of its exercise is specified, it cannot be exercised by another body or other officials or in any manner different from that pointed out by the statute conferring it. (*Gaddis* v. *Richland County,* 92 Ill. 119.) Where the power is expressly delegated to the city council the power must be exercised by it as such body and cannot be exercised by any other body, nor can such power be delegated to others by it, and all ordinances passed pursuant to such power must be reasonable and not oppressive or such as arbitrarily discriminate between citizens of the same class, and must operate uniformly upon all the inhabitants of the community who are similarly situated. Where special privileges are granted by ordinances they must be open to the enjoyment of all upon the same terms and conditions. (*City of Chicago* v. *Rumpff,* 45 Ill. 90.) This rule has been announced and applied in a number of cases.

In *Cicero Lumber Co.* v. *Town of Cicero,* 176 Ill. 9, we held that an ordinance which forbade any persons to take any omnibus or heavy vehicle upon certain boulevards therein named, except private wagons conveying families, or upon special permission of the board of trustees, was unreasonable and void, as vesting an arbitrary and uncontrolled discretion in the board of trustees to grant or refuse such permit.

In *City of Chicago* v. *Trotter,* 136 Ill. 430, we held an ordinance of the city of Chicago which prohibited a street parade, procession or open air meeting upon any street or ground abutting upon any street or avenue in the city under a penalty of not less than $25 or more than $100, without a permit therefor from the superintendent of police

specifying the route to be followed by such parade or procession, unreasonable and void, as vesting in such official the unregulated official discretion to allow or not allow such parades, processions or meetings, and there said: "The ordinance in question seems to recognize the fact that all processions are not to be repressed, and seems to proceed upon the theory that some of such demonstrations are to be allowed and permitted and others prevented. It does not, however, fix and determine the conditions under which parades and processions will be unlawful. It merely leaves it to the discretion or caprice of the superintendent of police to imperatively prescribe who shall be permitted to gather together in such processions and who shall not; to dictate that the members of one political party or of one religious denomination or of one civic society may, and the members of another political party, religious denomination or civic society may not, have such parades or processions, and to arbitrarily fix the times, occasions and localities when and where such assemblages will be allowed. Under the ordinance the superintendent of police has even authority to prohibit all street parades and processions whatsoever."

We think the rule announced in these cases is controlling here. It seems quite clear from a reading of the whole ordinance that it was not the intention of the city council to prohibit the doing of the acts therein specified absolutely, at all times and under all circumstances and conditions. On the contrary, provision is made for the granting of such permission by the mayor and members of the street and alley committee. But the power vested in them by such ordinance is an arbitrary and uncontrolled discretion to enforce the ordinance against one person and permit another or others to do the same act under the same circumstances. The power vested in the city council by the statute involves the exercise of judgment and discretion, and is of such a character that it cannot be delegated by it to others, to be arbitrarily exercised by them. When the power is at-

tempted to be exercised it must be by general ordinance applicable alike to all who bring themselves within its terms and provisions, and the ordinance should specify the circumstances and conditions under which such permission shall be granted and prescribe the rules and regulations that are to guide the officers in granting or refusing such permission. This the ordinance in question does not attempt to do, and in so far as it delegates that power to the mayor and members of the street and alley committee we must hold the same void, as an unwarranted delegation of such municipal power.

Appellee insists, however, as the streets, alleys and public grounds of the municipality are within the control of the city council and no one has the right to enter upon the same and do the acts prohibited by this ordinance without a grant of such authority from the city, that even if the provision for granting such permission by the mayor and the members of the street and alley committee be held void the balance of the ordinance should be sustained as a valid exercise of municipal power. Conceding, for the purpose of the argument, that no one has the right to do the acts prohibited by this ordinance without a grant of permission by the city council, it does not follow that the ordinance in question can be sustained as a valid exercise of such power and the provision for the granting of such permission by the mayor and members of the street and alley committee be held void. It is fundamental that in construing statutes or ordinances the same are to be construed as an entirety and the intention of the legislative body gathered from a consideration of the whole ordinance. In this instance we think it clear from a reading of the whole ordinance that it was not the intention of the city council to absolutely prohibit the doing of the acts therein mentioned under all circumstances, and that the same would not have been adopted without the provision providing for the granting of authority to do such acts under proper circumstances. As we

are compelled to hold the provision vested such arbitrary discretion in the mayor and members of the street and alley committee void as an unwarranted delegation of municipal power, we must also hold the whole ordinance void, for the reason that we deem such provision an inseparable part of the ordinance and of such character that the ordinance would not have been adopted but for such provision.

As appellee bases its whole cause of action on this ordinance which is void, the judgment must be reversed.

*Judgment reversed.*