People of City of Centralia, Petitioners-Appellees, v. City of Centralia, Robert M. Washburn, and William C. Stephens, Objectors-Appellants.
In the Matter of Petition of Josie Mable Copple et al., Relative to Sale of Municipal Airport Property Filed with City Clerk of Centralia January 24, 1953, and Objections Thereto.

Term No. 53–O–1.

Opinion filed December 14, 1953. Rehearing denied February 23, 1954. Released for publication February 26, 1954.

WILLIAM C. STEPHENS, City Attorney, and GLENDON C. HODSON, Special Attorney, both of Centralia, for appellants; GLENDON C. HODSON, of Centralia, of counsel.

ORVILLE L. WOLLARD, of Centralia, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree entered as in chancery in the county court of Marion county, overruling objections of appellants, The City of Centralia, and Robert M. Washburn, and William C. Stephens (hereinafter called objectors), to a petition filed by appellees, The People of the City of Centralia, under section 19—66, of article 19, of chapter 24, of 1951 Illinois Revised Statutes [Jones Ill. Stats. Ann. 21.1508].

In the petition filed by appellees a proposed ordinance was set forth with a request that the City Council of the City of Centralia pass the ordinance relative to the sale of municipal airport property and requesting, if the City Council did not pass the ordinance without alterations, within thirty days, that the proposed ordinance be submitted to a vote of the electors of the City of Centralia, at a special election. The petition recited that numerous attempts had been made to establish a municipal airport on certain real estate owned by the city, resulting in financial loss and excessive expense without commensurate benefits, and that said real estate was not necessary, appropriate, required for the use of, profitable to, or for the best interest of the city to retain. The proposed ordinance set forth in the petition would have required the sale of the real estate upon which the airport is situated at public sale to the highest bidder.

230

After the petition was filed with the city clerk, certain corporate authorities of the City of Centralia, that is, the mayor and city attorney, filed objections to the sufficiency of the petition, and thereupon the petition and objections were transferred to the county court, as provided by law. These objections specifically challenged the sufficiency of the petition on grounds that the proposal contained therein was not legislative in character, and therefore was not a proper subject for the operation of the statute permitting ordinances legislative in character to be initiated by the electors of a municipality under the initiative section of the Commission Form of Government Act. The corporate authorities of Centralia contend that before any real estate belonging to a municipality can be sold or conveyed, it must affirmatively appear that the corporate authorities have made an express finding of fact, in compliance with the mandate of the statute that such real estate is no longer necessary, appropriate, required for the use of, profitable to, or for the best interests of the city; and that the function of the corporate authorities in arriving at such an opinion concerning the propriety of the sale of real estate belonging to the municipality is administrative and executive in nature. It is therefore contended that an ordinance to sell the land occupied by the municipal airport proposed by the petition under consideration is an ordinance, the subject matter of which, is not legislative in character, and therefore, not a proper ordinance under the initiative section herein referred to.

The trial court entered a decree finding that the petition was sufficient, and complied with the requirements of the initiative section of the Commission Form of Government Act, and likewise found that the proposed ordinance was legislative in character.

The appellees filed a motion to dismiss the appeal in this court on the ground that the Appellate Court

231

is without jurisdiction to entertain the appeal; that the re-call and initiative statutes, under which the proceeding is inaugurated is a special statutory proceeding, as to which there is no provision for appeal or review by the Appellate Court of orders of the county court, or of matters arising out of the initiative section; and that the ordinance submitted to the court for determination is not one duly passed by the City Council, or a vote of the people, upon which this court can act, or render any judicial decision, in that the ordinance is in the legislative process at the time of appeal. The motion to dismiss the appeal has been taken with the case for consideration.

 The petition and objections in this case were filed pursuant to the initiative section of the Commission Form of Municipal Government Act (1951 Illinois Revised Statutes, chapter 24, section 19—66 [Jones Ill. Stats. Ann. 21.1508]). That section provides that the jurisdiction and manner of testing the sufficiency of the petition shall be as provided in section 19—59 [Jones Ill. Stats. Ann. 21.1501] of the Act, which section sets up the method of procedure to be used in determining the sufficiency of the petition. The decree of the county court is expressly made effective unless an appeal is perfected under section 19—71 [Jones Ill. Stats. Ann. 21.1513] of the Act, and under such section 19—71 of the Act an appeal is provided for in any proceeding had under the provisions of section 19—59 of the Act. Appeals are to be perfected under the provisions of the Civil Practice Act (1951 Illinois Revised Statutes, chapter 24, section 19—73 [Jones Ill. Stats. Ann. 21.1515]). In reading these sections together by reference, so that each is considered as a part of the other, in accordance with the precedents set forth in *Melton v. City of Paris*, 333 Ill. 190, 195, it is obvious that the right to appeal in this case is specifically provided for in the Act creating

the proceedings under which the petition to initiate the ordinance was filed. The motion to dismiss the appeal will, therefore, be denied.

■■ The sale of municipally-owned real estate is under the direct control of the state legislature, and the legislature may control and dispose of city property, subject only to constitutional provisions relating to local and special legislation (*Ward v. Field Museum*, 241 Ill. 496, 508). The legislature has properly conferred upon municipal authorities administrative discretion concerning the execution of statutory provisions relating to the sale or conveyance of municipal property (*People ex rel. Johns v. Thompson*, 341 Ill. 166, 169).

■■ By the terms of certain provisions of the Cities and Villages Act (1951 Illinois Revised Statutes, chapter 24, section 59—1 [Jones Ill. Stats. Ann. 21.1975]) the legislature has delegated the discretion to sell real estate held by the city for public use to the corporate authorities when "in the opinion of the corporate authorities" the real estate is no longer necessary, appropriate, required for the use of, profitable to, or for the best interest of the municipality. Where an authority or discretion is expressly delegated to municipal authorities it cannot be exercised by any other body or persons, but must be exercised in accordance with the statute (*City of Sullivan v. Cloe*, 277 Ill. 56, 60). No provision appears in the Cities and Villages Act granting the electors of the city the right to sell and convey city-owned real estate. The legislature is vested with the discretion to determine whether the consent of the people in the locality shall first be obtained, or whether the municipal authorities shall act directly themselves (*People ex rel. Rogerson v. Crawley*, 274 Ill. 139, 146).

■ The right of the electors or legal voters to require the City Council to submit an ordinance to the

vote of the people exists only by virtue of statutory provisions which the legislature has the right to impose or withhold (*City of Mt. Olive v. Braje,* 366 Ill. 132), and the legislature has, by statutory provision, limited the right of legal voters to initiate ordinances in cases where the subject matter of the proposed ordinance is legislative in character (1951 Illinois Revised Statutes, chapter 24, section 19—66 [Jones Ill. Stats. Ann. 21.1508]). As stated by the Illinois Supreme Court in the case of *People ex rel. Holvey v. Kapp,* 355 Ill. 596, at 602, "Both legislative and executive powers are possessed by municipal corporations. Often executive powers are vested in the council or legislative body and exercised by motion, resolution, or ordinance. Executive action evidenced by ordinance or resolution does not subject such action to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken." The court goes on to point out that the power to initiate legislation under the statutes providing for initiation and referendum in the conduct of municipal affairs does not extend to such functions of city government as are purely administrative in character.

■■■ The vital question in the case before us, therefore, is whether or not the subject matter of the ordinance proposed in the petition is legislative in character. It has frequently been observed in testing the legislative character of an Act that an ordinance which is legislative in character initiates, or enacts a permanent law, or lays down a rule of conduct, or course of policy, for the guidance of citizens or their officers, and it has been noted that an ordinance which simply puts into execution previously enacted laws is administrative or executive in character. The Illinois Supreme Court, in *People v. Board of Education,* 380 Ill. 311, points out that while it is at times difficult to draw the

distinction as to whether the exercise of a power is administrative or legislative, the true distinction is between a delegation of power to make the law which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution to be exercised under and pursuant to the law. Municipal authorities who exercise discretion and judgment in performing their duties, but who do not, while executing the law under which they act, make or declare any law or rule of conduct, or construe or apply any law, are not exercising legislative or judicial powers, but are acting in a ministerial or administrative capacity (*Mitchell v. Lowden*, 288 Ill. 327, 341).

██ In the case before us, if we apply the doctrine stated to the facts under consideration, it is obvious that the municipal authorities in passing an ordinance finding that a particular piece of real estate held by the city for public use is no longer needed and directing its sale, would not be exercising legislative power, or making a law, or declaring what the law should be regarding the sale of real estate of a municipality. In such event the authorities would be exercising administrative discretion as an agency of the State of Illinois, by finding the facts as to when the retention or disposition of a particular tract of real estate should be undertaken as being no longer necessary, appropriate, required for the use of, profitable to, or for the best interest of the city. The authorities would be merely exercising the laws established by the legislature directing how city-owned real estate must be sold, and would be in performance of executive and administrative duties as designated agents of the state government. There is no authority by statute for substituting the conclusions of the petitioners on the questions of fact as to whether the real estate is necessary, etc. for the city. The right of initiative under the statute applies only to an ordinance in exercise of the legislative functions of the municipality (*People ex rel. Holvey v.*

*Kapp, supra*). Since the sale of a particular piece of real estate under the facts and circumstances involves the exercise of an administrative duty required of city authorities, the ordinance referred to in the petition was obviously not legislative in character, and the finding that the petition was sufficient was in error. The decree of the county court of Marion county should, therefore, be reversed and the cause will be remanded with directions that the petition be dismissed.

*Motion to dismiss appeal denied. Reversed and remanded, with directions.*

SCHEINEMAN, P. J. and BARDENS, J., concur.