In the Matter of the Petition of Charles J. Mitchell, John Mitchell, Lester Ellis, et al., Relative to the Initiation of an Aurora Water Rate Ordinance.
People of the City of Aurora, Charles J. Mitchell, et al., Petitioners-Appellants, v. City of Aurora, Robert M. Wallin, et al., Objectors-Appellees.

Gen. No. 11,808.

Second District, First Division.

December 6, 1963.

 █

John P. Simpson, of Aurora, for appellants.

O'Brien, Burnell, Puckett & Barnett, all of Aurora (Donald L. Puckett, of counsel), for objectors-appellees. Sam Alschuler, Corporation Counsel, and Calvin B. Thelin, both of Aurora, for appellee, City of Aurora.

McNEAL, P. J.

This case involves the question of whether the subject matter of a proposed ordinance fixing water rates is legislative in character, or whether it is administrative or executive in character. The question arose when a petition was filed with the clerk of the City of Aurora asking that the city council enact an ordinance fixing water rates at a certain level and further asking that the proposition be submitted to a vote of the electors in the event the city council failed to fix the rates at the level requested by petitioners. Objections were filed to the petition based upon the ground that the legislature had conferred the right to fix water rates and rents upon the corporate authorities and that the statute under which petitioners were acting (Sec 4–5–18 Illinois Municipal Code) pertains only to "the subject matter of which is legislative in character." These objections were sustained by the county court, the petition was dismissed with prejudice, and this appeal followed.

Sec 11–125–3 of the Illinois Municipal Code provides as follows:

> "The corporate authorities may make all needful rules and regulations concerning the use of water supplied by the waterworks of the city or village, and may do all acts and make such rules and regulations for the construction, completion, manage-

ment or control of the waterworks, and for the fixing and collecting of such water rates or rents as the corporate authorities may deem necessary or expedient. . . ."

Section 4–5–18, relied upon by petitioners, provides in part that: "Any proposed ordinance, the subject matter of which is legislative in character, may be submitted to the council by a petition signed by the electors of the municipality equal in number to the percentage specified in this section." The statute further provides that if the city council fails to pass the proposed ordinance, the matter shall be submitted to a vote of the electors.

In People v. City of Centralia, 1 Ill App2d 228, 117 NE2d 410, the legislature had delegated to the corporate authorities the discretion to sell real estate held by the city for public use when "in the opinion of the corporate authorities" the real estate is no longer necessary, appropriate, required for the use of, profitable to, or for the best interest of the municipality. A petition was presented to the council asking that an ordinance be passed for the sale of the municipal airport property and requesting that if the council did not pass such an ordinance the proposition be submitted to a vote of the electors. Objections to the effect that the proposed ordinance was not legislative were overruled. The Appellate Court, in reversing the county court, stated, page 234:

"The vital question in the case before us, therefore, is whether or not the subject matter of the ordinance proposed in the petition is legislative in character. It has frequently been observed in testing the legislative character of an Act that an ordinance which is legislative in character initiates, or enacts a permanent law, or lays down a rule of conduct, or course of policy, for the guid-

363

ance of citizens or their officers, and it has been noted that an ordinance which simply puts into execution previously enacted laws is administrative or executive in character. The Illinois Supreme Court, in People v. Board of Education, 380 Ill 311, points out that while it is at times difficult to draw the distinction as to whether the exercise of a power is administrative or legislative, the true distinction is between a delegation of power to make the law which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution to be exercised under and pursuant to the law. Municipal authorities who exercise discretion and judgment in performing their duties, but who do not, while executing the law under which they act, make or declare any law or rule of conduct, or construe or apply any law, are not exercising legislative or judicial powers, but are acting in a ministerial or administrative capacity (Mitchell v. Lowden, 288 Ill 327, 341)."

In People v. Kapp, 355 Ill 596, 603, 189 NE 920, a petition requested that the council enact an ordinance increasing the salary of firemen and that, in default of such action, the matter be submitted to the electorate. In holding that the proposed ordinance was not legislative in character, the Supreme Court quoted the following language with approval:

"It was there held that the initiative and referendum statutes applied only to such acts as are legislative in character as distinguished from those that are of an administrative or executive character; that the establishment of a fire department was a legislative act and was properly accomplished by ordinance on account of its perma-

364

nent character, but that the fixing of compensation of members of the fire department was an exercise of the administrative function of the city."

The Supreme Court then concluded as follows, page 604:

"... we cannot escape the conclusion that the fixing of salaries of the employees in the Springfield fire department was an executive or administrative act and not legislative in character. It was therefore not a proper subject for regulation by the electorate, as it is quite generally held in this country that the power to initiate legislation under statutes providing for the initiative and referendum in the conduct of municipal affairs does not extend to such functions of city government as are purely administrative in character. Hopping v. Council of City of Richmond, 170 Cal 605, 150 Pac 977; Schroeder v. Zehrung, 108 Neb 573, 188 NW 237; Dooling v. City Council of Fitchburg, 242 Mass 599, 136 NE 616; Long v. City of Portland, 53 Ore 92, 98 Pac 149; Brazell v. Ziegler, 26 Okla 826, 110 Pac 1052; State v. Edwards, 305 Mo 431, 266 SW 127; Oakman v. City of Eveleth, 163 Minn 100, 203 NW 514; Meade v. Dane County, 155 Wis 632, 145 NW 239; Dallas Railway Co. v. Geller, 114 Tex 484, 271 SW 1106."

■■ In State v. City of St. Petersburg (Fla), 61 So2d 416, 419, the city had the power "to establish, impose and enforce water rates and rates and charges for gas, electricity and all other public utilities . . . ." It was contended that an ordinance increasing sewer charges was subject to a vote of the people. In rejecting this contention the Court said:

365

"The rule is uniformly accepted that initiative and referendum do not apply to executive or administrative matters of the kind covered by this Ordinance."

The Court quoted at length from McQuillin's Municipal Corporations, Volume 5 (3rd ed), Sec 16.55, including the following:

"Obviously, details which are essentially of a fluctuating sort, due to economic or other conditions, cannot be set up in and by an ordinance to be submitted to vote of the people under initiative and referendum statute, which restricts submission to people to measures of permanent operation."

The rule laid down by the foregoing authorities is in harmony with the general rule. 62 CJS 874, Municipal Corporations, Par 454.

While the question is not free from difficulty, it is our conclusion that the judgment of the County Court of Kane County was correct, and that said judgment should be and it hereby is affirmed.

Affirmed.

DOVE and SMITH, JJ., concur.