# FLORIDA POWER & LIGHT COMPANY v WILLIAMS, et al.

## Case No. 85-646 CA

Nineteenth Judicial Circuit, Okeechobee County

February 5, 1987

## APPEARANCES OF COUNSEL

**Barry R. Davidson, Steel Hector & Davis,** for plaintiff Florida Power & Light Company.

**John T. Brennan** for defendants Robert L. Williams, Jr. and Anita Williams, husband and wife.

**Kyle Van Landingham** for defendant Okeechobee County Board of County Commissioners.

## OPINION OF THE COURT

L.B. VOCELLE, Circuit Judge.

### MEMORANDUM DECISION

THIS CAUSE is before the Court on the claim of plaintiff, Florida Power & Light Company ("FPL"), for declaratory relief pursuant to Chapter 86 of the Florida Statutes. FPL is a Florida corporation engaged in the construction, maintenance and operation of public works in Okeechobee County, Florida. Defendants to this claim, set forth in Count II of the amended complaint herein, are the duly elected members of the Board of County Commissioners of Okeechobee County, Florida. This Court has jurisdiction pursuant to Fla. Stat. § 86.011 (1985).

FPL instituted this case as an eminent domain action on December 3, 1985 to obtain a 1.2 acre electrical transmission line easement from defendants Robert and Anita Williams. A portion of the transmission line for which the Williams easement is needed is planned to run within an Okeechobee County road right-of-way. The road in question is known as Ritta Drive.

On January 9, 1986, the Board of County Commissioners of Okeechobee County ("Board") adopted Ordinance No. 86-1, entitled "Okeechobee County Public Road Right-of-Way Permit Requirement". This Ordinance requires a utility to obtain a permit from the Board before installing transmission lines within a county road right-of-way. Contending that the Ordinance creates an unconstitutional obstacle to the requested condemnation because it fails to articulate standards for issuing the necessary permit, FPL amended the Petition in Eminent Domain to seek a declaratory judgment concerning the constitutionality of Ordinance No. 86-1. By order entered on May 25, 1986, this Court severed the count for declaratory relief from the remainder of the issues in this condemnation proceeding.

After due consideration of the respective positions of the parties, as set forth in their briefs and at oral argument on November 25, 1986,

the Court concludes that Ordinance No. 86-1 violates the Constitutions of the State of Florida and the United States.

The Ordinance requires a utility to obtain a permit from the Board as a prerequisite to installing certain distribution or transmission lines within a county road right-of-way, but it does not delineate the criteria to be considered in granting or denying such a permit. To constitute a valid delegation of municipal power, "the ordinance should specify the circumstances and the conditions under which such permission shall be granted, and prescribe the rules and regulations that are to guide the officers in granting or refusing such permission." *City of Sullivan v. Cloe*, 115 N.E. 135, 137 (Ill. 1917). Nothing in this Ordinance establishes the rules and regulations that are to guide the Board in granting or refusing the permit applications. The absence of sufficiently definite standards to direct and control the determination of whether a permit will issue renders the Ordinance invalid. *Id.*; *Amara v. Town of Daytona Beach Shores*, 181 So.2d 722, 724 (Fla. 1st DCA 1966); *City of Miami Beach v. Fleetwood Hotel, Inc.*, 261 So.2d 801, 805-06 (Fla. 1972).

The only express requirement set forth in Ordinance No. 86-1 for obtaining a permit is contained in Section 9, entitled "Power Transmission Lines". This section provides that easements must be secured from all affected property owners before a permit will be issued. Thus, the refusal of one land owner to grant an easement will prevent the utility from obtaining the permit necessary to construct a power transmission line in a county road right-of-way. Accordingly, the Ordinance is unconstitutional for the additional reason that it delegates the Board's regulatory power to the unbridled discretion of private landowners. *See Amara v. Town of Daytona Beach Shores, supra*, at 725.

In conclusion, the Court reiterates its determination that the Board's affirmative defense of failure to exhaust administrative remedies is without merit. The Board contends that FPL is not entitled to maintain a declaratory judgment action unless it first exhausts its administrative remedies by applying for a permit under the Ordinance. However, as noted in this Court's Order entered August 26, 1986, denying the Board's motion to dismiss, it would be futile for FPL to seek a permit from the Board, since the Ordinance provides that no such permit will be granted unless the utility has secured appropriate easements from all landowners. Defendants Robert and Anita Williams have refused to grant one of these easements on their property which is along the route of the line in question and FPL cannot obtain an order of taking to secure the easement from these defendants unless it can show a reasonable probability that the necessary permits for construc-

tion can be obtained from the appropriate governmental authorities. *Seadade Indus. Inc. v. Florida Power & Light Co.*, 245 So.2d 209 (Fla. 1971). Thus, an attempt to secure a permit under the Ordinance would be a futile act, and FPL's failure to perform such an act is no basis for denying relief.

Accordingly, because the Ordinance fails to delineate sufficient standards to guide the Commission in determining whether to grant a permit and because the Ordinance transfers the Commission's regulatory power to Okeechobee County landowners, the Court hereby

ORDERS and ADJUDGES as follows:

1. That Okeechobee County Ordinance No. 86-1, entitled "Okeechobee County Public Road Right-of-Way Permit Requirement," is hereby declared to violate the Constitutions of Florida and the United States, and to void, invalid and without force of law;

2. That Plaintiff is not required to comply with the terms and provisions of said Ordinance, and

3. That Defendants and their agents and servants are hereby permanently restrained and enjoined from exercising any of the powers, rights or duties respecting the enforcement of said Ordinance against Plaintiff, insofar as it purports to confer such powers, rights and duties on the Defendants.

DONE and ORDERED in Chambers at Vero Beach, Indian River County, Florida, this 5th day of February, 1987.