## FREDERICK RICH ET AL.
## v.
## CITY OF NAPERVILLE.

*Municipal Corporations—Ordinance—Parading Public Streets—"Salvation Army."*

1. Ordinances to be valid must be reasonable;. they must not be oppressive; they must be fair and impartial, and not so framed as to allow their enforcement to rest in official discretion.

2. Where public parades and demonstrations, whether religious or political, do not threaten the public peace, or substantially interfere with the rights of others, every measure repressing them, whether by legislative enactment or municipal ordinance, is an encroachment upon fundamental and constitutional rights.

3. Upon proceedings against members of the "Salvation Army" for the breach of an ordinance prohibiting the parading of streets by any organization without first securing the permission of the city council, this court holds the same to be void, upon the ground of its being unreasonable, oppressive, and so framed as to allow its enforcement to rest in unregulated official discretion.

[Opinion filed December 7, 1891.]

APPEAL from the County Court of DuPage County; the Hon. DAVID B. SHERWOOD, Judge, presiding.

Messrs. CHARLES E. POPE, J. F. SNYDER, and McMURDY & JOB, for appellants.

Mr. CHARLES WHEATON, for appellee.

HARKER, J. The appellants are members of a religious organization known as the "Salvation Army," and as such, on the afternoon of Sunday, September 21, 1890, after forming a procession at their place of worship in the city of Naperville, marched under flags with musical instruments and singing, some ten blocks through the streets of the city and then entered their place of worship.

For so doing, without having first obtained a permit from the city council, they were arrested, prosecuted and fined under the following ordinance :

" It shall be unlawful for any person or persons, society or club, or association of any kind, to parade any of the streets of the city of Naperville, with any flag or flags, banners or transparencies, drums, horns or other musical instruments without first having secured the permission of the city council so to do.    Any person violating the provisions of this section shall be fined not less than $5 or more than $100 for each offense."

There does not appear to have been any disturbance during the procession on the part of appellants or others, and nothing occurred along the line of march of a riotous or discordant character.

The sole question, then, for our determination, is the validity of the ordinance.

We see nothing in the contention of counsel for appellee that the validity of the ordinance can not be questioned here, because appellants did not, in the County Court, submit its validity by writing propositions of law to be "held" or "refused."

Its validity was questioned when objection to its introduction as evidence was made, and, as the charge in the complaint was not controverted by appellants, the only frictional question there, as it is here, was the validity of the ordinance.

Ordinances to be valid must be reasonable; they must not be oppressive; they must be fair and impartial; they must not be so framed as to allow their enforcement to rest in official discretion.    Village of Hyde Park v. Carton et al., 132 Ill. 100; City of Chicago v. Trotter, 136 Ill. 430; In re Frazer, 68 Mich. 396;  1 Dillon on Municipal Corporations, Secs. 254–256.

Ever since the landing of the Pilgrims from the Mayflower the right to assemble and worship according to the dictates of one's conscience, and the right to parade in a peaceable manner and for a lawful purpose, have been fostered and regarded as among the fundamental rights of a free people.    The spirit of our free institutions allows great latitude in public parades and demonstrations, whether religious or political, and if they

do not threaten the public peace, or substantially interfere with the rights of others, every measure repressing them, whether by legislative enactment, or municipal ordinance, is an encroachment upon fundamental and constitutional rights.

This ordinance in effect prohibits all processions of a character kindred to the one formed by appellants, but leaves it in the discretion of the council whether to enforce it or not.    In other words, it prohibits all persons and organizations from parading the streets with flags, drums and trumpets, but authorizes the city council to allow such parade, if a majority of that body feel so disposed.    Under it, a circus pageant, with brass band and calliope, could fill the streets of Naperville on one day, and the privilege of marching from church to picnic grounds under flags and banners be denied a Sabbath school on the next.

In the case of Matter of Frazer, 63 Mich. 396, approved by our Supreme Court in City of Chicago v. Trotter, *supra*, the Supreme Court of Michigan in passing on an ordinance similar to this one, used the following language :

" This by-law is unreasonable, because it suppresses what is in general perfectly lawful, and because it leaves the power of permitting or restraining processions and their courses to an unregulated, official discretion, *when the whole matter, if regulated at all, must be by permanent, legal provisions, operating generally and impartially.*"

The chief difference between the ordinance in the Trotter case and this one is, that the official discretion there was vested in the superintendent of police, while here it is vested in the city council.    So far as the application of the principle is concerned, there is no difference.

A city council may be as capricious as a superintendent of police.    If this ordinance is held valid, then may the city council shut off the parades of those whose notions do not suit their views and tastes in politics or religion, and permit like parades of those whose notions do.    When men in authority are permitted in their discretion to exercise power so arbitrary, liberty is subverted, and the spirit of our free institutions violated.    And it is all the same whether that discretion is exer-

cised by one man or several. Where the granting of the permit is left to the unregulated discretion of a small body of city aldermen, the ordinance can not be other than partial and discriminating in its practical operation.

The law abhors partiality and discrimination. All persons and all societies stand upon the same plane concerning their liberties, whether political, social or religious, and their full enjoyment is vouchsafed by our bill of rights.

Because this ordinance is unreasonable, oppressive and so framed as to allow its enforcement to rest in unregulated official discretion, we must hold that it is void.

Judgment of the County Court will be reversed.

*Judgment reversed.*