## Russell Brownell, by his Guardian, Appellee, v. Village of Antioch, Appellant.

### Gen. No. 6,681.

1. MUNICIPAL CORPORATIONS, § 1111*—*when declaration in personal injury action against village is sufficient after verdict.* After a verdict for the plaintiff, in an action against a village to recover for personal injuries, it will be held on appeal that the averment in the declaration that due notice of said injury and of plaintiff's claim resulting therefrom was given to said village as required by law, is sufficient, even assuming that it inadequately alleged notice in the premises.

2. MUNICIPAL CORPORATIONS, § 1111*—*when declaration in personal injury action against village is good after verdict.* In an action against a village to recover for personal injuries received by a child while playing with a gasoline engine standing in the street, a declaration alleging that the engine had been in such specified street for more than 3 months before the accident; that, with the knowledge and consent of the village authorities, children were daily permitted to congregate and play on such street and were attracted by the engine, describing in detail how the engine's cogwheels could be moved by turning the flywheel, and alleging that by reason thereof the engine attracted the children and caused them to turn the flywheel and play with the engine; that the engine was dangerous to children and was unguarded; that defendant well knew the prem-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brownell v. Village of Antioch, 215 Ill. App. 404.

ises, and disregarded its duty and negligently permitted the engine to remain in such street for a year or more, *held* good, after verdict for plaintiff as against the contention that it did not allege that defendant knew that the engine was in the street and that it was attractive to children.

3. MUNICIPAL CORPORATIONS, § 1225*—*when statute requiring notice of personal injury complied with.* The statute requiring one about to bring an action against a municipality on account of any personal injury to file in 6 months from the date of the injury, a statement concerning the accident in the office of the city attorney, if there is a city attorney, and also in the office of the city clerk, is sufficiently complied with by one who, having been injured in the street of village having no city or village attorney, and the office of village clerk therein having no incumbent and there being no office of village clerk, caused a proper notice to be served upon the village president, each of the trustees and the temporary secretary, delivering it to the latter at the only office which he had, and requesting him to file it in his office, and also causing such notice to be served on the attorney employed by the village, as he was informed by trustees of the village, though no notice was served· on other attorneys representing the village in a pending suit, as to which employment such person was not informed.

4. MUNICIPAL CORPORATIONS, § 1224*—*who need not comply with statute requiring notice of personal injury.* A child a few days short of 5 years old is not required to comply with the provisions of the statute (Hurd's St. 1917, p. 1663, J. & A. ¶ 6190) requiring one about to bring an action against a municipality for damages on account of personal injury to serve notice within 6 months of the date of such injury on certain officers.

5. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to show that place where gasoline engine stood was part of street.* In an action against a village to recover for personal injuries alleged to have been received by a child from a gasoline engine standing in a street of the village, evidence *held* to show that the place where the engine stood was part of a street of the village.

6. MUNICIPAL CORPORATIONS, § 963*—*when gasoline engine in street is attractive nuisance.* A gasoline engine which stood in a street near where children congregated and the cogwheels of which could be caused to turn by the children's turning the flywheel, *held* to be attractive to children of tender years.

7. MUNICIPAL CORPORATIONS, § 992*—*what sufficient to put village authorities on notice of danger of gasoline engine as attractive nuisance.* That the officers of a municipality frequently passed along a street in which a gasoline engine, of such size that they could not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

have failed to have noticed it, had been left standing for more than 3 months, that children often played around it and had frequently been warned away from it because of danger, is sufficient to put the village authorities on notice of the danger.

8. Negligence, § 96*—*as not imputed to child under 5 years of age.* Negligence is not imputable to a child less than 5 years of age.

9. Negligence, §§ 106, 111*—*when negligence of parents and brother not chargeable to child.* In an action by a child less than 5 years old to recover for personal injuries, the negligence of his parents and brother is not chargeable to him.

10. Municipal corporations, § 963*—*when municipality liable for injuries caused by attractive nuisance in streets.* A municipal corporation is liable for injuries caused by an attractive nuisance maintained or permitted by it in its streets.

11. Municipal corporations, § 963*—*when city liable for injuries caused by attractive nuisance.* An obstruction allowed to remain in the street, though not dangerous to public travel, yet may be attractive to children of tender age and dangerous to them, and in such case the city will be liable for injuries caused thereby, if the attractive nuisance has been in the street for so long a time that the officers of the city, in the exercise of reasonable care, should have ascertained its existence there and that it was dangerous to children of tender years.

12. Appeal and error, § 1691*—*when appellant cannot complain of admission of evidence.* One cannot complain of the admission of evidence where another witness testified as to the same matter without objection and the party complaining also brought out evidence in regard thereto.

13. Appeal and error, § 1698a*—*when error in refusing instructions is waived.* Errors in refusing instructions not pointed out in the brief and not argued are regarded as waived.

14. Instructions, § 138*—*when refusal of instructions is not reversible error.* Refusal to give instructions upon principles covered in other instructions is not reversible error.

15. Damages, § 133*—*when damages for loss of fingers not excessive.* A verdict for $1,716.75 is not excessive where plaintiff, a child less than 5 years old, lost one or two fingers of his right hand to the first joint.

16. Evidence, § 44*—*when pain and suffering inferred.* The law infers pain and suffering from an injury by which two fingers are lost to the first joint.

Appeal from the Circuit Court of Lake county; the Hon. Claire C. Edwards, Judge, presiding. Heard in this court at the April term,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1919. Affirmed. Opinion filed October 14, 1919. Rehearing denied November 21, 1919.

COOKE, POPE & POPE, for appellant.

J. K. ORVIS, for appellee; PAUL MACGUFFIN, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee, a child of tender years, was injured on August 21, 1914, while he and other children were playing with a gasoline engine said to have been located in a street in the Village of Antioch. He brought suit against the Village of Antioch to recover damages for such injury. He filed a declaration and defendant demurred thereto. The demurrer was overruled and defendant pleaded the general issue. On a trial, plaintiff had a verdict and a judgment for $1,716.75, and this is an appeal by defendant therefrom.

The demurrer was special. One ground was that the notice of the injury and of plaintiff's claim did not appear from the declaration to be such a notice as is required by law to be given, and also that the authority of the guardian to bring the suit is not alleged. As to notice, the declaration averred that due notice of said injury and of plaintiff's claim resulting therefrom was given to the said village as required by law. Assuming that that was an inadequate allegation of notice, still defendant did not abide by its demurrer, but pleaded over, and we are of the opinion that after verdict the allegation in the declaration on that subject is sufficient. *Western Stone Co. v. Whalen*, 151 Ill. 472; *Cribben v. Callaghan*, 156 Ill. 549; *Gerke v. Fancher*, 158 Ill. 375; *Baltimore & O. S. W. Ry. Co. v. Then*, 159 Ill. 535; 1 Chitty's Pl. 673. The issue of letters of guardianship was sufficiently averred and was proven. The declaration is

now attacked on grounds not set up in the special demurrer. It is now alleged that it will not support a judgment because it does not state that defendant knew the engine was in the street and knew that it was attractive to children of tender years. The declaration alleges that said engine had been in said street called Railroad street or Depot street for a long time prior to the month of August, 1914, to wit, for more than 3 months; that, with the knowledge and consent of the officers and authorities of the village, children were permitted to daily congregate and play on said street and were attracted by said engine; and the declaration described in detail how the cogwheels of said engine could be moved by turning the flywheel, and that on that account the machine attracted the curiosity of children and caused them to turn the flywheel and play with the engine; and it alleged that the engine was dangerous to children and was unguarded; and that the defendant well knew the premises, and disregarded its duty, and negligently permitted said engine to be and remain in said public street for a long period of time, to wit, for one year or more. We are of the opinion that these allegations, not questioned by the special demurrer, are good after verdict.

The statute required the person about to bring an action against a municipality on account of any personal injury, within 6 months from the date of the injury, to file in the office of the city attorney, if there is a city attorney, and also in the office of the city clerk, a statement setting forth certain things concerning the accident. This village had no city or village attorney, and there was therefore no office of a city or village attorney where it could be filed. The village clerk was dead and his place had not been supplied, except that one E. E. Brook acted as temporary secretary whenever the village trustees held a meeting. There was no office of village clerk in which

notice could be filed. Plaintiff caused a proper no-
tice to be served upon the president of the village and
upon said temporary secretary and upon each of the
village trustees and requested the secretary *pro tem*
to file it in his office, and the place where it was handed
to him was at the bank, which was the only office he
had. Plaintiff's attorney also inquired of some of the
trustees who was the last attorney the village had
employed and learned that it was E. L. Clarke of
Waukegan in that county, and notice was therefore
served upon him. At the trial it turned out that there
had been pending in the Circuit Court of Lake county
for a number of years a suit against the village, in
which Cooke, Pope & Pope appeared as attorneys for
the village. This fact was unknown to plaintiff's at-
torney and no notice was served upon that firm.
There is nothing to show that either of that firm held
the office of village attorney. We are of the opinion
that plaintiff's counsel did all that they could do to
comply with this statute, and that the notice they
served upon the president and trustees and acting
clerk should be deemed sufficient, if notice was re-
quired. But, plaintiff was born August 27, 1909, and
this injury occurred August 21, 1914, so that plain-
tiff was then 4 years, 11 months, and 24 days old, and
we are of opinion that, under *McDonald v. City of
Spring Valley*, 285 Ill. 52, this plaintiff of tender
years was not required to comply with that statute
in regard to notice.

Appellant contends that the proof is insufficient to
show that this engine stood in the street. Upon this
traveled highway there were hydrants and water mains
and sidewalks put in by the village. The village
marshall had cleaned the street and the sidewalks. It
was the only street by which the people could reach
the railway station. The village board and officers
traveled on that street. People traveled there every

day. The street was graveled by the village authorities. There is a picture of the place in question in evidence, and it shows an ordinary village street with a sidewalk on each side, and the engine was stationed between these two sidewalks—in other words, in the central part of the street. It was directly opposite the village school. We are clear that it is shown that this was a street and that where this engine stood was a part of the street.

The injury happened in this way: School was not in session in August, but the school children gathered there at that time daily and played about the grounds and played in the street in front of the schoolhouse. The children played often about this engine, and a part of them would start the flywheel which set the mechanism in motion. At another part of the machine were cogwheels which enmeshed, and while some children were turning the wheel other children often put hay or straw into the cogs to see them drawn in, and this little fellow was engaged in that business when the fingers of his right hand were caught and the ends of two of them were injured so that two of them had to be amputated at the first joint. This was a child of tender years. The evidence makes it very clear that this machine was attractive to children of tender years. It had been repaired by the owner of a neighboring shop and had been set out into the street for the owner to take it away, and it had been there for a time which was in dispute, but it was more than 3 months. The city officers frequently passed along this street, and this was so large an object that they could not fail to see it, and the fact that the children often played around it and had frequently been warned away from it because of danger was sufficient to put the village authorities upon notice of the danger. They did nothing to remedy it. It is suggested that the parents of plaintiff were negligent in permit-

ting him to play about this machine, and an older brother of plaintiff sometimes saw him playing there. Negligence is not imputable to this child less than 5 years old, nor is the negligence of his parents or brother chargeable to him where he brings the action. Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, on pages 420 to 427; *Richardson v. Nelson,* 221 Ill. 254; *Perryman v. Chicago City Ry. Co.,* 242 Ill. 269; *Ohnesorge v. Chicago City Ry. Co.,* 259 Ill. 424.

A municipal corporation is liable for an attractive nuisance maintained by it (*City of Pekin v. McMahon,* 154 Ill. 149) or permitted in its streets. The latter proposition was held by us in *Linnberg v. City of Rock Island,* 136 Ill. App. 495, and in the same case when again before us in 157 Ill. App. 527, where a judgment in favor of the administrator of the estate of such a child was sustained. The attractive nuisance there was inside of a street when the child went upon it. It was upon the face of a pond and children pushed it away from the street and the child was afterwards drowned some distance from the street. That report shows that a certiorari was denied by the Supreme Court. Of course, no two cases are exactly alike, but we think these authorities are sufficient to show that in this State an obstruction allowed to remain in the street, though not dangerous to public travel, yet may be attractive to children of tender age, and may be dangerous to them, and that in such case the city will be liable if the attractive nuisance has been in the street for so long a time that the officers of the city in the exercise of reasonable care should have ascertained its existence there and that it is dangerous to children of tender years. In *McKim v. City of Philadelphia,* 217 Pa. 243, 19 L. R. A. (N. S.) 506, it is held that city streets are required to be kept free of dangerous impediments, and there is a note there on obstructions to streets by things foreign to the street. In *Elam v. City of Mt. Sterling,* 132 Ky. 657, 20 L. R.,

A. (N. S.) 512, there is a very extensive note on this particular subject covering about 250 pages, and the storage of vehicles in streets is covered on pages 612 and 613.

Appellee introduced in evidence a picture of the street and of the engine (taken after this injury) which showed a boy standing on a spoke of the fly-wheel, and this raised a question how the boy could stand on the wheel without its turning around, and plaintiff's counsel asked the witness why the wheel did not turn around when he stood on it at the time the picture was taken, and he answered: ''They had stopped it and fixed it so it wouldn't turn.'' Defendant's counsel moved to strike out the answer as seeking to establish negligence by proof of what occurred after the injury, and that motion was denied, and it is urged that that ruling was reversible error. It was not stated or suggested that defendant had anything to do with tightening up the machine, and the question was only asked by way of explaining that feature of the picture, but the fact that the machine could be tightened so that the wheel could not turn had been proved by another witness some time before this witness was examined, and that without objection. It was also the subject of subsequent testimony drawn out on a thorough examination by defendant's counsel. The ruling of the court was not reversible error.

Appellant's brief says that the rulings of the court in refusing instructions for defendant were erroneous. This point is not argued. The supposed errors are not pointed out in the brief and we regard that point as waived. The court gave at the appellant's request all the instructions to which it was entitled. The instructions requested by appellant which the court refused were most of them lengthy, involved and argumentative. Some of them stated correct rules of law which would have been important if this had been a case of a traveler on the highway injured by an ob-

struction in the street, but had no bearing on the case stated in the declaration, and to which the proofs were addressed. If anything can be found in any of these refused instructions which was proper and applicable to this case, we think it sufficiently covered by the given instructions.

It is argued that the verdict was excessive. Plaintiff lost at least one finger of his right hand to the first joint, and as we understand the attending physician, plaintiff lost two fingers to that joint. It is obvious that this disables him for many employments in life. He was too young to be able to describe his pain and suffering, but the law infers pain and suffering from such an injury, and no direct proof thereof is required. *Pratt v. Davis,* 224 Ill. 300. We are of opinion that the damages are not excessive.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*