## 10564

### GILCHRIST v. CITY OF CHARLESTON.

#### (105 S. E. 741.)

1. MUNICIPAL CORPORATIONS—CITY NOT LIABLE TO PEDESTRIAN FOR INJURIES FROM SKYROCKET EXPLODED IN VIOLATION OF ORDINANCE.—A city was not liable for injuries to pedestrian struck by skyrocket as result of the failure of the city police to enforce ordinance prohibiting the setting off of fireworks, since the police had no authority to suspend the ordinance, and their unwarranted assumption of authority in so doing did not render city liable.

2. MUNICIPAL CORPORATIONS—NOT LIABLE FOR TORTS IN ABSENCE OF STATUTE.—A municipal corporation, being an agency of the State for governmental purposes, cannot be sued in tort except where such an action is given by statute.

3. MUNICIPAL CORPORATIONS—STATUTE MAKING CITY LIABLE FOR DEFECTS APPLICABLE ONLY IN CASE OF NEGLIGENCE IN THE REPAIR OF STREETS. —Civ. Code 1912, sec. 3053, making city liable for defect in street, causeway, bridge, or public way, is applicable only in case of city's negligence in the repair of its streets.

Before GARY, J., Charleston, April, 1920.    Reversed.

Action by Robt. B. Gilchrist against the City Council of
Charleston for damages.    From order overruling demurrer
to the complaint, the defendant appeals.

*Mr. Wm. H. Grimball,* for appellant, cites: *Auto contest
in 106 S. C. 255, was with knowledge and consent of coun-
cil.    If police officers undertake to suspend an ordinance
they act outside the scope of their authority and the city is
not liable:* Labatt Master and Servant, par. 2285; 72 S. C.
205; 37 S. C. 198; 47 Am. Rep. 805; 1 Allen 172.    *Police
are agents of the State and not of the city:* 1 Dillon Mun.
Corp., par. 390; 28 Cyc. 497; 1 Allen 172; 39 Am. Rep. 771;
99 N. E. 478; 151 N. W. 681; 161 S. W. 115; 20 Pac. 490;
17 S. C. 61.

*Messrs. Ficken & Erckmann,* for respondent, cite: *Law of
this State as to liability of municipal corporations:* 111 S. C.
7; 89 S. C. 511; 71 S. C. 170; 107 S. C. 124; 107 S. C. 505;
104 S. C. 228; 104 S. C. 372; 106 S. C. 255.    *City liable for
permitting a public nuisance:* 28 Cyc. 1356-7.    *Ana for the
acts of its agents in matters of this kind:* 104 S. C. 371; 28
Cyc. 1274-75.    *Police, while a State officer, is also agent of
the city:* 28 Cyc. 497; *Ib.* 1300-01.    *Liability of municipal-
ity as to fireworks:* 28 Cyc. 1291; 139 N. Y. 6.

January 31, 1921.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff sued the city to recover damages for a personal
injury sustained on December 25, 1917.    While he was
walking along one of the principal streets of the city, he was

NOTE: On municipal liability for failure to prevent use of explosives
in street, see notes in 23 L. R. A. (N. S.) 643; 42 L. R. A. (N. S.) 863.

struck by a skyrocket, set off by some unknown person, and
his left leg was broken.

He alleges that the city council adopted an ordinance,
which was of force at the time, prohibiting the setting off of
fireworks within the city, except at such times and places as
the mayor might permit, that the mayor had not, by proclamation, or otherwise, permitted the setting off of fireworks
at or near the place where he was injured, but that the chief
of police and the policeman of the city had suspended the
ordinance and allowed the setting off of fireworks at that
time and place.

The city demurred to the complaint for insufficiency.

The demurrer was overruled and the city appealed.   The
appeal must be sustained.   The facts alleged show nothing more than a violation of an ordinance of the
city, which resulted in plaintiff's injury.   The chief
of police and policemen had no authority to suspend
the ordinance.   It was their duty to enforce it.   The city
is not liable for the unwarranted assumption of authority.

It has been settled by repeated decisions of this Court that
a municipal corporation, being an agency of the State for
governmental purposes, cannot be sued in tort, except where
such an action is given by statute. *Triplett v. Columbia,* 111 S. C. 7, 96 S. E. 675, 1 A. L. R. 349.   Plaintiff contends that his case comes within the purview of
section 3053, vol. I, Code 1912.   The decisions construing
and applying that section are reviewed in Triplett's case, to
which we need only refer.   Plaintiff relies upon the case of
*Burnett v. Greenville,* 106 S. C. 255, 91 S. E. 203, Ann
Cas. 1918c, 363.   But that case differs from this, on the
facts.   There it was admitted that the city council authorized the use of a street as a race track for automobiles in a

hill climbing contest, thereby making it dangerous for use by others for ordinary purposes of travel. But here, the allegation is that the street was made dangerous, not by any act or omission of the city council, but by the unauthorized action of the police in violation of an ordinance. The complaint alleges no negligence on the part of the city, nor any facts from which negligence can be inferred. Therefore, if it should be conceded that the case might otherwise be brought under section 3053, the facts alleged fail to make a case under that section which makes a city liable only for negligence in the repair of its streets, the meaning of which is fully explained in the case above cited.

Judgment reversed.

The CHIEF JUSTICE and MR. JUSTICE GAGE were absent on account of sickness and took no part in the decision.