Lawrence H. Peters, Plaintiff-Appellant, v. Jerry Bellinger and the City of Bridgeport, Illinois, a Municipal Corporation, Defendants-Appellees.

Term No. 59–F–18.

Fourth District.
June 17, 1959.
Released for publication July 16, 1959.

Philip C. Zimmerly, of Champaign, for appellant.

Robert E. Fitzpatrick, of Lawrenceville, for appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Lawrence County finding that a count of the complaint filed by Lawrence H. Peters, the plaintiff, as against defendant City of Bridgeport, for alleged negligence in hiring a police officer, failed to state a cause of action which can be recognized under the laws of this State, and consequently could not support a verdict, and judgment against the City. The action had been instituted against both the City and the Police Officer, who was sued for assault upon the plaintiff. The jury returned a verdict against both defendants (a nominal verdict as against the police officers), and upon post-trial motion of the City, the Court arrested the judgment and entered a judgment for defendant City. The verdict had been in the sum of $6,000 as against the City.

The evidence discloses that the plaintiff had been stopped by a police officer acting for the City of Bridgeport, and arrested for speeding or driving while intoxicated. During the process of the arrest, or as an incident thereto, the police officer struck the plaintiff with considerable violence so that he lost the sight of his eye. The evidence also disclosed that the policeman had been hired on a trial basis for thirty days. He was given no training and, under the record, appeared to be an individual who had been involved in many street brawls. The officer had a record of conviction of grand larceny prior to his employment by the City. No one had checked into the record of the policeman before he was hired.

106

On appeal in this Court the basic issue before us is whether a city may be held liable directly for the tortious acts of one of its police officers. This issue, we believe, has been decided by the Supreme Court of Illinois, on May 22, 1959, in the case of Molitor v. Kaneland Community Unit District No. 302, favorably to plaintiff in this case.

It is therefore the order of this Court that this case be remanded to the Circuit Court of Lawrence County, with directions to vacate and set aside the allowance of the motion in arrest of judgment, and to vacate and set aside the judgment for the defendant City, and to enter judgment on the verdict in favor of the plaintiff.

Reversed and remanded, with directions.

SCHEINEMAN, P. J., concurs.

HOFFMAN, J., took no part.