Norman Adamczyk, a Minor, by His Mother and Next Friend, Anne Mazikowsky, Plaintiff-Appellant, v. Joseph Zambelli, et al., Defendants, and City of Chicago, a Municipal Corporation, Defendant-Appellee.

Gen. No. 47,779.

First District, Second Division.

March 8, 1960.

Rehearing denied March 29, 1960.

Released for publication April 22, 1960.

 

Epton, Scott, McCarthy, and Epton, of Chicago (Edward A. Scott, of counsel) for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Edward E. Plusdrak, Assistant Corporation Counsel, of counsel) for defendant-appellee.

JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, a minor, sustained personal injuries on August 10, 1952, as a result of a fireworks explosion during a local street parade in the City of Chicago. Plaintiff appeals from a judgment for the City of Chicago entered on a directed verdict at the close of plaintiff's evidence.

█ The question for us is whether there is any competent evidence of probative value, together with all reasonable inferences to be drawn therefrom, standing alone, taken with all its intendments most favorable to the plaintiff, tending to prove the material elements of the plaintiff's case against the City. Fortney v. Hotel Rancroft, Inc., 5 Ill.App.2d 327.

The record establishes the following facts. The Congregation of San Rocco Modugno, a religious society, has held an annual Carnival and Festival for many years. On August 10, 1952, as part of the affair, a parade in the neighborhood of the church followed the exact route as in previous years. The City of Chicago, pursuant to its ordinance issued a permit for the parade as it had done in previous years. The Congregation contracted with Joseph Zambelli to provide fireworks and explode them at the festival in accord-

ance with similar contracts that had been entered between them in previous years for the same purpose. The City of Chicago also, pursuant to its ordinance, issued a permit to Joseph Zambelli, a fireworks expert to display the fireworks on a vacant lot at 1952 W. Hubbard Street near the church, over a mile away from the scene of the explosion of fireworks that caused the injuries to plaintiff. As part of his contract, Zambelli agreed to work under the instructions and directions of the Congregation. The Statue of the Patron Saint of the Congregation was carried on a float in the rear of the parade. Attention to it was attracted with flags, two bands, one in front and one back of the parade, and with other clamor and loud sounds. This was done so that neighbors and bystanders would be drawn to the statue to donate money by pinning it to ribbons on the statue. A great many people were in the parade, and many were on the sidewalks and streets.

As in previous parades, two City policemen guarded money donated and pinned to the statue and directed traffic, particularly when the parade came to intersections. A red pick-up truck on which fireworks bombs were carried was driven close to the float. From time to time, the entire parade would come to a halt and money would be collected from spectators and fireworks bombs were exploded. The policemen passed the pick-up truck frequently as they walked up and down the line of the parade. About six o'clock that afternoon when the parade stopped about the middle of a block for donations and collections, unknown persons on the red truck exploded a bomb causing a projection of shrapnel which struck the plaintiff who was then twelve years of age. He suffered serious and permanent injury.

Plaintiff contends that the City was negligent in issuing the same permits every year because City

124

policemen were always with the parade, and the City had actual notice for many years that fireworks were being exploded in the streets during the parades in close proximity to large crowds of people.

The only evidence offered to show that in previous years fireworks were exploded in the streets during the Congregation's parades was the testimony of plaintiff. He testified that he had knowledge of the previous carnivals and parades; that he had seen the carnival a few times in the years before 1952; that he had previously heard "firecrackers shot off at a distance when I was at home, when the feast would . . . pass by; from maybe four, five blocks away, you can see the aerial bombs exploding in the air"; that "after they would get down a block or two from where I was and I'd be on my way home . . . I'd hear the bands quiet down a little and then I'd hear the salutes go up into the air."

A parade is of itself not a dangerous instrumentality and as a matter of law a municipality cannot arbitrarily prohibit the holding of street parades and processions. (Rich v. City of Naperville, 42 Ill. App. 222.) It is well established that a City must use reasonable care to keep its streets in a reasonably safe condition for the use of the travelling public. (VanCleef v. City of Chicago, 240 Ill. 318.) Plaintiff's assumption in the instant case that fireworks were exploded during the parade in other years is based only on plaintiff's testimony. Standing alone this testimony is insufficient to prove that the City had actual or constructive notice. The two permits issued in pursuance to ordinance did not permit anyone to display fireworks during the parade and on the streets of the City.

Plaintiff cites Curtis v. City of Paris, 234 Ill. App. 157, and Doerr v. City of Freeport, 239 Ill. App. 560. In the Curtis case, the court said where a danger-

ous condition exists in the street, if the City has actual notice of such facts and circumstances as would in the exercise of reasonable diligence lead a person to such knowledge, and a sufficient time has elapsed to have given the City an opportunity to have remedied such dangerous condition, the City is liable. The Doerr case concerns a depression in the street and here many witnesses observed the depression for various periods of time and the court held whether the City had either actual or constructive notice of the defective condition of the street was a question of fact for the jury.

 The plaintiff further contends that the City of Chicago was negligent by condoning and licensing an attractive nuisance which naturally and probably resulted in injury to the plaintiff, citing VanCleef v. City of Chicago, 240 Ill. 318, Koch v. City of Chicago, 297 Ill. App. 103, Brownell v. Village of Antioch, 215 Ill. App. 404, and Neering v. Illinois Cent. R. Co., 383 Ill. 366.

There is a wide difference between these cases in which the City has been held responsible and the one at hand. In the instant case the City's permit was for a display of fireworks in a lot near the church and cannot be considered a tortious act. It was not for display permitted by the City on the streets as in the VanCleef case; nor was there an occurrence involving negligence concerning the keeping of the streets in a reasonably safe condition which resulted in original negligence as in the Koch case; nor was there evidence of maintaining an attractive nuisance as in the Brownell case. And in the Neering case the defendant had actual notice and permitted such a condition to exist.

The plaintiff argues that two policemen were on duty during the parade and they negligently failed to suppress and stop the unlawful explosion of fireworks and that their negligence proximately caused the

injury to the plaintiff. This brings us down to the vital issue in the case. Can the City of Chicago be held responsible for the failure of its police to enforce the ordinance forbidding shooting of fireworks in the street?

The plaintiff cites in support of his position Bucholz v. City of Sioux Falls, 91 N.W.2d 606 (S. Dakota 1958). Here the police officers permitted unauthorized use of their rifle range in the basement of the City Hall. The court found the City liable on an analogy to the duty of a land owner to keep his premises in safe condition. In Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957) the town was held responsible for the wrongful acts of its police officers in allowing a prisoner to suffocate.

Our Supreme Court abolished the immunity enjoyed by school districts in Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill.2d 11. The court in Peters v. Bellinger, 22 Ill.App.2d 105, relying on the Molitor case held that a City was responsible for the tortious act of its police officer in assaulting a person during his arrest. The question of immunity was also involved in Pree v. Hymbaugh, 23 Ill.App.2d 211. There the court held that governmental immunity is not available to an employee who drives a motor vehicle for a government agency; and that the defendant was liable for his negligent operation of a gravel truck even though the gravel was being transported for use on a township road. This and other cases cited involve affirmative negligent or wilful acts by municipal employees or the duty of a landowner to keep his premises in a safe condition.

In Arms v. City of Knoxville, 32 Ill. App. 604, 611, the court said the negligence of police in failing to stop the firing of a cannon, known to be dangerous, upon the streets of a City, does not render the City liable. "For failure to exercise governmental power

cities are not liable." In City of Lafayette v. Timberlake, 88 Ind. 330, 331, it is said: "The municipality had fully discharged its duty in making the streets safe, and it was only made unsafe by law-breakers, who used it in a manner prohibited by the by-laws . . . ." In Kretchmar v. City of Atchison, 133 Kan. 198, 299 Pac. 621, the court held at page 622:

". . . the duty of a city to enforce the ordinances prohibiting persons from shooting fire-crackers on the streets on the Fourth of July, or at any other time, must be held to be governmental, and, under . . . the rule universally recognized by the courts, the city is immune from liability for the negligence of its officers in failing to enforce such an ordinance, unless there be a statute imposing such liability."

See also Gilchrist v. City Council of Charleston, 115 S. C. 367, 105 S. E. 741.

■ Municipal corporations, not being insurers against accidents, are not liable for every accident occurring within their limits. Boender v. City of Harvey, 251 Ill. 228. Storen v. City of Chicago, 373 Ill. 530.

■ It is our opinion from a careful analysis of the evidence appearing in this record (1) that there is no evidence that shows the City of Chicago was negligent in issuing the two permits; (2) that there is no evidence that the City condoned or licensed and maintained an attractive nuisance in the street; (3) that there is no evidence that the policemen aided, abetted or assisted in the explosion of fireworks during the parade or at the time of the occurrence. Under the circumstances we hold that the exercise of a City's police power is a governmental function for the benefit of the public and general welfare. A municipality is not liable in tort for the failure of its policemen to prevent and stop others from violating the law. Arms v. City of Knoxville, 32 Ill. App. 604; City of Lafayette

128

v. Timberlake, 88 Ind. 330; Kretchmar v. City of Atchison, 133 Kans. 198, 299 P. 621; Gilchrist v. City Council of Charleston, 115 S. C. 367, 105 S. E. 741, and Stevens v. City of Pittsburgh, 329 Pa. 496, 198 A. 655. The wrong was not in the City but in those who improperly and unlawfully used the street.

The decisive issue was accordingly, a question of law. It was the duty of the court to direct a verdict for the City of Chicago.

Affirmed.

MURPHY, P. J., concurs.

KILEY, J., dissenting.

In testing the propriety of the directed verdict against plaintiff, we apply the familiar rule favoring him. Under that rule I am of the opinion that there is some evidence that in previous years fireworks were exploded in the presence of Chicago policemen in the City streets in violation of the fireworks permit, and that there was actual and constructive notice to the City of those violations as well as actual notice of the violation on the day of the injury.

Furthermore, in the instant parade the policemen not only did not enforce the limitation in the fireworks display permit but furthered the violation by policing the parade in which fireworks were being illegally exploded. There was therefore something more than mere omission to enforce. It seems to me that this case calls for a further step in the direction of the trend away from governmental immunity shown in the recent case of Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill.2d 11, and the more recent Peters v. Bellinger, 22 Ill.App.2d 105.