James J. Keane, Administrator of the Estate of Josephine M. Keane, Deceased, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant-Appellee, and Lee Arthur Hester, a Minor, Defendant.

Gen. No. 52,343.

First District, Second Division.

June 25, 1968.

Coburn and Kelly, of Chicago (Edward J. Kelly, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Roclyne E. LaPorte, Assistant Corporation Counsel, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for the wrongful death of plaintiff's deceased, a Chicago public school teacher who was killed while on the premises of the school to which she had been assigned. Appeal is taken from the order entered on motion of the City of Chicago, striking Count I of the complaint and dismissing the action as to the City. Plaintiff maintains that, under the circumstances alleged in Count I of the complaint, the City owed a duty to the deceased to furnish police protection, and that the doctrine of governmental immunity does not absolve the City from liability. We disagree.

The complaint alleges, inter alia, that Josephine M. Keane was employed by the City of Chicago Board of Education as a school teacher and was assigned to the Lewis-Champlin Grade School in that capacity. The complaint alleges that on April 20, 1961, Mrs. Keane while on the school premises in her capacity as a school teacher was assaulted and killed by Lee Arthur Hester, a student enrolled at the school. It further alleges that the City was negligent in failing to assign police protection to the school, although it knew or should have known that failure to provide this protection would result in harm to persons lawfully on the premises in the removal of police protection from the school prior to April 20, 1961, although it knew or should have known of the dangerous condition then existing at the school and in permitting a dangerous condition to exist at the school.

The City's motion to strike Count I of the complaint alleged that the operation of the police department was a

461

governmental function rather than a proprietary function, and that it was therefore immune from liability for any acts or matters alleged in the count.

Plaintiff requests this Court to "take one step further in the decimation of the doctrine of governmental immunity," by holding the City liable as a matter of law. Plaintiff reasons that because the death of Mrs. Keane occurred after the decision in the case of Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89, which altered the doctrine of governmental immunity from liability arising out of the torts committed by governmental employees, but before the effective date of the "Local Governmental and Governmental Employees Tort Immunity Act" of 1965 (Ill Rev Stats 1965, c 85, Par 1–101 et seq.), this Court may and should extend the doctrine set out in the Molitor case to include the circumstances of the instant case.

 Failure on the part of a municipality to exercise a governmental function does not, without more, expose the municipality to liability. See Adamczyk v. Zambelli, 25 Ill App2d 121, 166 NE2d 93; Olipra v. Zambelli, 28 Ill App2d 460, 171 NE2d 798; Arms v. City of Knoxville, 32 Ill App 604, 611. Liability may be imposed upon a municipality where the tortious acts of its employees are either affirmative or wilful in nature, or where the municipality's employees' acts are "ministerial" or "proprietary," rather than "governmental." See e. g., Peters v. Bellinger, 22 Ill App2d 105, 159 NE2d 528; Pree v. Hymbaugh, 23 Ill App2d 211, 162 NE2d 297. See also Gardner v. Village of Chicago Ridge, 71 Ill App2d 373, 219 NE2d 147, where liability was imposed upon the municipality due to the nonfeasance of its police officers when they affirmatively assumed a "special duty" to care for the safety and well-being of the plaintiff by placing him in a position where injury to him was foreseeable.

In the instant case, the duty of the City to protect Mrs. Keane from criminal acts was no more than the general duty to all citizens to protect the safety and well-being of the public at large. Failure of a policeman to prevent others from violating the law, to the injury of some third party, does not of itself subject the municipality to liability for the injuries. Adamczyk v. Zambelli, 25 Ill App2d 121, 128, 166 NE2d 93. To hold that under the circumstances alleged in the complaint the City owed a "special duty" to Mrs. Keane for the safety and well-being of her person would impose an all but impossible burden upon the City, considering the numerous police, fire, housing and other laws, ordinances and regulations in force. The trial court correctly found that the ultimate facts alleged in Count I of the complaint do not state a cause of action. Kay v. Ludwick, 87 Ill App2d 114, 117, 230 NE2d 494.

For these reasons the order is affirmed.

Order affirmed.

McNAMARA and LYONS, JJ., concur.