[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. BACKGROUND
This is a wrongful death action in which plaintiffs allege their decedent, Dawn Addario, was operating a motor vehicle on West Street, also known as State Route 67, Seymour, Connecticut on June 3, 2000, when a large old rotted sugar maple tree fell from adjoining private property, crushing her vehicle and causing the injuries which resulted in her death. Plaintiffs brought this action against Jacqueline Yannes, owner of the property on which the tree stood, as well as the Town of Seymour, Keith Mitchell (Seymour Tree Warden) and Seymour Department of Public Works board members Russ Kozey, George Petruny, Steven Chucta, Wayne Finkle and Patrick Lombardi (hereinafter, collectively, the "Seymour Defendants"). Plaintiffs' complaint states causes of action sounding in negligence against the private landowner upon whose property the tree was situated (Count I) and against the Town Defendants for negligent failure to inspect and/or remove the subject tree (Counts II and V); loss of consortium due to the alleged negligence and/or nuisance of the Town Defendants (Counts VIII, X and XI); and against the Town for statutory indemnity of the town defendants (Counts III, VI, IX and XII); and also against the Town in nuisance for failure to discover and/or remove the subject tree (Count IV). The Seymour Defendants have filed a Motion for Summary Judgment claiming they are entitled to summary judgment as a matter of law on all counts against them based on statutory and common law immunity and other grounds.
II. LAW
Connecticut Practice Book Sec. 17-44 et seq. provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Barrett v. Danbury Hospital, 232 Conn. 242, 250,654 A.2d 748 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606, 616,546 A.2d 250 (1988). "The burden of establishing the absence of a genuine CT Page 7953 issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502,542 A.2d 700 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994).
III. FACTS
It is undisputed that Ms. Addario's death was caused by the sudden impact of the maple tree falling on her vehicle as she drove past. It is further undisputed that West Street, also known as State Route 67, is a public highway, but the tree itself was located on private property of the adjoining landowner, defendant Yannes, and not on state or town property or within the right-of-way. See Affidavit of Douglas Wierzert, State Department of Transportation, annexed to plaintiffs' memorandum. There is no evidence or claim that the tree obstructed the roadway. All claims against the Seymour Defendants are based on failure to inspect, detect or remedy the condition of the tree and the risk it posed to public safety of travelers on the highway.
IV. APPLICABLE STATUTES AND ORDINANCES
The Charter of the Town of Seymour, Section 10.13. Board of Public Works, states in part as follows:
 "There shall be a Board of Public Works consisting of five (5) members who shall be an administrative appointment of the First Selectman for a term of two (2) years. . .
 The Department of Public Works shall have the responsibility for the planning, surveying, construction and reconstruction, altering, paving, repairing, maintaining, clearing, snow removal, inspecting and lighting of highways, bridges, sidewalks and curbs, public drains and other public improvements and buildings; and the preservation, care and removal of trees within the highways and public places. . ."
Since the offending tree was neither "within the highways" or within any "public place", which means property owned or controlled by the Town, it was not under the jurisdiction of Public Works.
Section 8-122 of the Code Ordinances of the Town of Seymour provides: "Tree Warden.
CT Page 7954 The town tree warden shall be appointed by the board of selectmen and shall have all powers, duties, and authorities ascribed to him/her as set out in the Connecticut Public Shade Tree Statute, particularly Connecticut General Statutes Sec. 23-58, 23-59, 23-60, 23-65, as the same may be amended, and this article."
Section 8-128 of the Code of Ordinances of the Town of Seymour provides: "Public Nuisance:
 Any tree or shrub, or part thereof, growing upon private or public property which is interfering with the use of any public areas, infected with infectious plant disease, or endangering the life, health, or safety of persons or property is declared a public nuisance. . . If the town tree warden shall determine, with reasonable certainty, any nuisance tree or shrub, as herein described exists in or upon any private premises he/she shall, in writing, notify the owner or tenant having charge of such premises. Within 30 days after issuance of said notice, said person shall cause the treatment, trimming. . . or removal and destruction of said nuisance tree or shrub as directed in the written notice. . . In case the owner or tenant having charge of such premises shall refuse or neglect to comply with the terms of the written notice within 30 days after receiving it, the town tree warden shall cause the removal, treatment, or trimming of said nuisance tree or shrub. The expense thereof shall be charged to the owner of said premises of which said tree or shrub is located. . .
Connecticut General Statute § 23-59, "Powers and Duties of Wardens," provides:
 "The town or borough tree warden shall have the care and control of all trees and shrubs in whole or in part within the limits of any public road or grounds and within the limits of his town or borough, except those along state highways under the control of the Commissioner of transportation. . . . Such care and control shall extend to such limbs, roots or parts of trees and shrubs as extend or overhand the limits of any such public road or grounds. . . . Whenever, in the opinion of the tree warden the public safety demands the removal or pruning of any tree or shrub under his control, he may cause such tree or shrub to be removed or pruned. . . .
CT Page 7955 Connecticut General Statutes Sec. 52-557n. Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions, provides in pertiment part, as follows:
 (a)(1): Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . . and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct, or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
 (b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances; . . .
(c) Any person who serves as a member of any board, commission or agency of a municipality and who is not compensated for such membership on a salary or prorated equivalent basis, shall not be personally liable for damage or injury resulting from any act, error or omission made in the exercise of such person's policy or CT Page 7956 decision-making responsibilities on such board, commission, committee or agency if such person was acting in good faith, and within the scope of such person's official functions and duties, and was not acting in violation of any state, municipal or professional code of ethics regulating the conduct of such person. . . ."
V. DISCUSSION
The Town Defendants first argue that they are immune from liability under Connecticut General Statutes § 52-557n (a)(2)(B), as quoted above.
 "A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Scully v. Newman, 1996 WL 155382 (Conn.Super.) (quoting Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982)).
The statutory duty imposed upon a Tree Warden is a public duty. In Amosv. Strickland, 1997 WL 1763 *3 (Conn.Super.), the court explained that the duties of a Tree Warden include maintaining public safety and, performance of this duty will not "affect an individual in a manner different in kind from the way it affects the public at large." In Romanv. Stamford, 16 Conn. App. 213, 547 A.2d 97 (1988), affd. 211 Conn. 396,559 A.2d 710 (1989), the plaintiff was driving on a City road when a rotted pine tree fell from property owned by the City onto her motor vehicle. The court concluded:
 . . . the duty involved in the present case on the part of the City to maintain and care for the trees within the limits of all public roads does not constitute a private duty . . . . The duty involved here was not of such a nature that its performance would likely affect any passengers on city roads in a manner different in kind from the way it affects the public at large. Id. At 220, 547 A.2d at 101.
Note that in Roman, the tree was located on public property. Here, the offending tree was located on private property. Further, Connecticut General Statutes § 23-59, supra, clearly makes the decisions of a tree warden discretionary, as follows:
CT Page 7957 . . . "Whenever, in the opinion of the tree warden, the public safety demands the removal or pruning of any tree or shrub under his control, he may cause such tree or shrub to be removed or pruned . . . . (Emphasis added.)"
Plaintiffs have cited no case law in support of their claims that detection and removal of potentially dangerous trees on private property is a ministerial act. The statutes cited clearly make tree removal a discretionary act, particularly trees located on private property. Thus, tree removal is a governmental function to which immunity applies.
There are three exceptions to the general rule of governmental immunity: 1) where the facts and circumstances make it apparent to the municipal officer that failure to act is likely to subject an identifiable person to imminent harm (the `imminent harm' exception); 2) where a statute specifically creates a cause of action; and 3) where the acts complained of involve malice, wantonness, or intent to injure, as opposed to mere negligence. Stewart v. Gothie, 2000 WL 528001 (Conn.Super. 2000) and Connecticut General Statutes § 52-557n (a)(2)(B),supra. The second and third exceptions are not applicable to this case, as no statutory cause of action applies or has been invoked, and plaintiffs' allegations sound solely in mere negligence."
In order for plaintiffs to successfully pursue a claim under the imminent harm exception, plaintiffs must plead and prove that the decedent was both 1) a readily identifiable person, and 2) subject to imminent harm. Shaw v. Stonington, 187 Conn. 147 (1982). In order to constitute imminent harm, the danger must be a temporary condition, creating the potential for harm that is significant and foreseeable.Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1 (1994). The imminent harm exception is not applicable here, as any duty owed by the Town Defendants in monitoring the condition of trees on private property abutting roadways was a duty owed to the public generally, and not this specific plaintiff. Amos, supra. As the Town Defendants owed no duty to plaintiff individually, it is axiomatic that they did not breach any such duty.
The individual Town Defendants are also immune under C.G.S. §52-557n (b)(8), which states, in pertiment part, that municipal employees or agents shall not be liable for:
 "failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety . . ."
CT Page 7958 Failure to inspect a tree on private property is the crux of plaintiffs' claims against the individual Town Defendants. Absent any allegations of willfulness or reckless disregard on the part of the Town Defendants, they cannot be held liable by the terms of this statute. If the individual defendants are not liable, then their failure to inspect does not give rise to a cause of action against a municipality either.
Further, the individual members of the Board of Public Works had no duty or responsibility whatsoever over trees located on private property. Even if they did, they are immune under C.G.S. § 52-557n (c) as well. None of the board members are compensated for their services to the Town. As stated above, plaintiffs' allegations against each of them sound only in negligent performance of their duties as Board members. Plaintiffs have failed to allege or submit any facts to impose individual liability on the board members and any liability even if negligent as unpaid public servants.
Thus, the tree warden cannot be held liable for negligent failure to detect a hazardous tree located wholly on private property. C.G.S. 52-556n (b)(8). Defendant Mitchell is entitled to judgment as a matter of law on Counts II and VIII. There can be no claim for indemnity against the Town under the facts alleged as to defendant Mitchell, and the Town is entitled to judgment as a matter of law on Counts III and IX. Plaintiffs have failed to establish any liability whatsoever on the part of the Board Members, and thus no liability on the Town to indemnify under Counts V, VI, XI and XII.
Defendants next argues that no action in nuisance can be maintained against the Town. Again, it is solely the failure of the Town Defendants to detect and remove the subject tree which serves as the basis of plaintiffs' nuisance claim. Complaint, Count IV, ¶ 8. In order to state a claim of nuisance against a municipality, a plaintiff must allege an affirmative act on the part of that municipality giving rise to the subject condition. Keeney v. Old Saybrook, 237 Conn. 135 (1996). Where plaintiff alleges merely that a condition existed, not of the municipality's making, and that the municipality failed to act to remedy same, no action in nuisance can be maintained. Gray v. City of Norwalk, 2000 WL 639119 (Conn.Super. 2000) (granting City's motion for summary judgment on plaintiff's nuisance claim where plaintiff claimed that tree branch overhanging City street fell on his vehicle causing injuries and property damage, where diseased condition of tree was not alleged to be fault of City, and City was only alleged to have failed to act by failing to maintain tree). As in Gray, plaintiffs herein have not alleged that the Town caused, by some affirmative act, the tree to be in the weakened state that resulted in its collapse. Plaintiffs have only alleged that the Town failed to detect and remedy the potentially dangerous condition CT Page 7959 of a tree located on private property. Thus, the Town is entitled to summary judgment as a matter of law on the claims of nuisance under Counts IV and X.
VI. CONCLUSION
The tree at issue was rooted entirely on private land of defendant Yannes, and the roadway across which it fell is a State Highway. The Town Defendants, by law, cannot be held liable for failure to inspect or detect the hazard or for maintaining it as a nuisance. Accordingly, the Seymour Defendants are entitled to summary judgment as a matter of law on all counts against them, Counts II-VI and VIII-XII.
SO ORDERED,
__________________ Sequino, J.