## ANTONIO ESPOSITO ET AL. *v.* NEW BRITAIN BASEBALL CLUB, INC., ET AL.

Superior Court, Judicial District of New Britain
File No. CV-03 0522820S

Memorandum filed July 16, 2004

*Clifford Chance U.S., LLP*, for the plaintiffs.

*Levy & Droney*, for the named defendant et al.

*Corporation counsel of the city of New Britain*, for the defendant city of New Britain.

COHN, J. The plaintiffs, Antonio Esposito and Jennifer Esposito, Joseph Volak, Zygfryd Baczewski, Henry Rodrigue and Sharon B. Rodrigue, Lester Shapiro, Maija

Santaniello, Nancy Brigante, Frances Samojednj and Claire Samojednj, Allen Pitts and Donna Pitts, Arthur Field and Diane Field, Jim Joseph and Sharon Joseph, Billy Strickland and Kathryn Strickland and Audrey Vaskalis, have sued the defendants, the New Britain Baseball Club, Inc. (Rock Cats), Telestar Display Fireworks, Inc., and the city of New Britain (city), alleging a private nuisance from the weekly fireworks display held at Willow Brook Park (park). The city has moved to strike count two of the plaintiffs' complaint on the ground of governmental immunity.

Count two of the complaint alleges that the city owns the park and aids the Rock Cats in putting on the display. The city controls access to the park, granted a permit for the fireworks, refused to enact limitations at its council meetings and provides members of its police and fire departments to "oversee fireworks display." The plaintiffs claim that a private nuisance has resulted to their properties from the excessive noise, smoke and traffic.

A motion to strike, as filed by the city, in accordance with Practice Book § 10-39 (a), contests the legal sufficiency of the allegations of a complaint. "The purpose of a motion to strike . . . is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) *Waters* v. *Autuori*, 236 Conn. 820, 825–26, 676 A.2d 357 (1996); see also *Murillo* v. *Seymour Ambulance Assn., Inc.*, 264 Conn. 474, 476–77, 823 A.2d 1202 (2003), quoting *Maloney* v. *Conroy*, 208 Conn. 392, 394, 545 A.2d 1059 (1988): " 'For the purpose of ruling upon a motion

to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted.' "

In order to establish a private nuisance claim against a municipality and avoid governmental immunity, a plaintiff must show "that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property." *Pestey* v. *Cushman*, 259 Conn. 345, 361, 788 A.2d 496 (2002). In addition, a plaintiff must also allege that the condition alleged to be the nuisance was created by some positive act of the municipality. General Statutes § 52-557n (a) (1) (C); *Keeney* v. *Old Saybrook*, 237 Conn. 135, 164, 676 A.2d 795 (1996); *Loda* v. *Seymour*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 00 0072044S (December 10, 2002) (*Moran, J.*) (failure to remedy condition is not equivalent of required positive act); *Estate of Addario* v. *Yannes*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 00 0071510 S (June 19, 2002) (32 Conn. L. Rptr. 347, 350) (*Sequino, J.*) ("[w]here plaintiff alleges merely that a condition existed, not of the municipality's making, and that the municipality failed to act to remedy same, no action in nuisance can be maintained").

The plaintiff's allegations here do not satisfy the previously quoted test, except as to the allegation that the city routinely controls access to the fireworks display and sends its police and fire personnel to the premises during the fireworks display.[1] Reading this allegation most favorably to the plaintiff, the plaintiff has suffi-

---

[1] The allegation that the city granted the permit is insufficient because this action merely permitted the fireworks display and did not cause the injury. See *Ehret* v. *Scarsdale*, 269 N.Y. 198, 199 N.E. 56 (1935) (granting permit to install pipe in street did not create nuisance). A person injured by a skyrocket on a city street could not sue the city for nuisance. There was no act by the city council. See *Gilchrist* v. *Charleston*, 115 S.C. 367, 105 S.E. 741 (1921). The complaint does not allege knowledge by the city for a "prolonged" period of time.

ciently met the "positive act" test. Under the regulations issued by our state's department of public safety, operators of fireworks displays are required to arrange for the presence of police and fire personnel. Regs., Conn. State Agencies § 29-357-12b. The city is cooperating with the operator here and providing an essential element that allows the display to be held.

In *Chupek* v. *Akron*, 89 Ohio App. 266, 101 N.E.2d 245 (1951), in contrast, a city was immune from a nuisance claim arising from injuries suffered at the municipally owned "Rubber Bowl." The city was an absentee landlord, and the tenant agreed with the city that he alone would provide for public safety. Id., 272. The dissent[2] in *Adamczyk* v. *Zambelli*, 125 Ill. App. 2d 121, 166 N.E.2d 93 (1960), would have held the city of Chicago liable for injuries that the plaintiff sustained due to fireworks: "[I]n the instant parade the policemen not only did not enforce the limitation in the fireworks display permit but furthered the violation by policing the parade in which fireworks were being illegally exploded. There was therefore *something more* than mere omission to enforce." (Emphasis added.) Id., 129 (Kiley, J., dissenting); see also *Sroka* v. *Halliday*, 39 R.I. 119, 97 A. 965 (1916) (fireworks operator agreed to employ police at display; city's liability for child's injury from unexploded bomb discussed).

Under these circumstances, the count against the city should proceed. The city is, of course, free to renew its motion to strike in further proceedings. See *Bagni* v. *Bristol*, 127 Conn. 38, 14 A.2d 716 (1940) (whether action of city in preparing street for sledding was positive act is question of fact). As alleged, the plaintiffs have stated a cause of action, and the motion to strike is, therefore, denied.

---

[2] Subsequent cases have adopted the dissent's position. See, e.g., *Gardner* v. *Chicago Ridge*, 71 Ill. App. 2d 373, 378, 219 N.E.2d 147 (1966), on appeal after remand, 128 Ill. App. 2d 157, 262 N.E.2d 829 (1970), cert. denied, 403 U.S. 919, 91 S. Ct. 2230, 29 L. Ed. 2d 696 (1971).